Charles L. Wanack and Peter Michels v. Dora Alex-
ander and Homer Alexander, Cocoa Alexander,
Orie Alexander and Merle Marie Alex-
ander, by their Mother and Next
Friend, Dora Alexander.

1. INTOXICATING LIQUORS—*Liability of the Saloon Keeper.*—A saloon
keeper who furnishes a party partially intoxicated, with liquor, is liable
for that person's death resulting from intoxication a few hours later,
though he drank during the time at other places, and from a jug of gin
belonging to a neighbor.

Action for Damges.—Sale of intoxicating liquors. Trial in the Cir-
cuit Court of Christian County; the Hon. WILLIAM M. FARMER, Judge,
presiding. Verdict and judgment for plaintiffs. Appeal by defendants.
Heard in this court at the May term, 1898. Affirmed. Opinion filed
October 5, 1898.

J. C. McBRIDE, R. M. POTTS and HOGAN & DRENNAN,
attorneys for appellants.

FRANK P. DRENNAN, attorney for appellees.

MR. JUSTICE BURROUGHS delivered the opinion of the court.
The appellees sued the appellants in the Circuit Court of
Christian County in an action of case. A plea of general issue
was interposed to the declaration, upon which issue was
taken and trial by jury had, resulting in a verdict for the
appellees for $3,500; a remittitur was entered by the appel-
lees for $1,500 and judgment entered for $2,000. The
appellants bring the case to this court by appeal and seek
a reversal of the judgment upon the grounds that the judg-
ment is against the law and the evidence, damages are
excessive, and that the ruling of the trial court on the
instructions were prejudicial to them.

The declaration charges that the appellant Wanack was
keeping a dram shop at Taylorville in a building belonging
to the appellant Michels, with his knowledge and consent;

Wanack v. Alexander.

that appellees were the widow and children of one John Alexander, and dependent upon him for their means of support, etc.; that appellant Wanack sold, furnished and gave to said John Alexander intoxicating liquors at his dram shop, which caused the intoxication of Alexander; also that said Wanack, while engaged in retailing intoxicating liquors by the drink in said building, caused Alexander to become intoxicated on intoxicating liquor sold and given away by the appellee Wanack, at his said place of business; and that in consequence of said intoxication said John Alexander, while returning from Taylorville to his home, fell from his wagon to the ground with great force and was killed thereby; wherefore the appellees say they were injured in their means of support, etc.

The evidence on the trial disclosed the following facts: that appellant Wanock obtained from the city of Taylorville a license to keep a dram shop in that city in the building owned by appellant Michels, from September 23, 1896, to March 23, 1897, and that he did open such dram shop at that place under said license, and continued to run same up to and including February 11, 1897; that on said last date said John Alexander came to Taylorville in a spring wagon from a farm some nine miles distant, where he lived; that he drank whisky in Wanock's saloon about eleven o'clock in the forenoon, and again several times about two o'clock in the afternoon, at which latter time he was quite intoxicated, and again he drank whisky at same place about four o'clock in the afternoon when he was still intoxicated, and later in that evening he and one Thomas Morrison, who lived near Alexander, started home in a spring wagon, Morrison taking with him a jug of gin from which both drank on the way home. When getting within about two miles from Alexander's home, Morrison got out of the wagon taking the jug of gin with him, and went across a field to his home. Alexander continued on his way home. The next morning Alexander was found dead in the road leading to his home from where he and Morrison had separated, with such bruises on his person as would likely be caused from a fall

out of his wagon. The team and wagon were found near him on the road, the wagon wheel having run onto the lines and stopped the team, the appearances indicating they had been there all night.

Appellees are shown to be the widow and children of John Alexander and were living with him on the farm; he was thirty-eight years old, farmed some, had a team and wagon, worked around and made a living for himself, wife and children.

The principal contest was on questions of fact, and were as to whether Wanack did or did not own or run the dram shop on February 11, 1897, and that if he did, whether the liquor which Alexander received at his place was given to him by others, or Wanack or his agents, and whether the liquor he drank there did or did not cause the intoxication complained of, or was it caused by the gin drank out of Morrison's jug on the way home.

We have read all the evidence carefully, and are constrained to believe from a fair consideration thereof that there was a plenty of evidence to sustain the verdict of the jury on these contested questions.

We also have carefully read the instructions given and refused, of which complaint is made by appellants, as also all the others given or refused, and while some of them are not as carefully drawn as they ought to have been, especially the third instruction given at the request of appellees, and some that were refused might have been given without its being error, yet when all the instructions given are considered, we are unable to see how the jury could have been misled by any of them.

As to the damages being excessive, we do not think they are.

On the whole record we find no prejudicial error was committed and affirm the judgment.    Affirmed.