### L. A. Hall v. Annie Ditto.

1. MEANS OF SUPPORT—*what evidence competent in action for.* In an action brought under the Dram-Shop Act for loss of the means of support, it is competent to show the sale of liquor to the plaintiff's intestate as well before as after the specific date alleged, where the declaration charges the sale of liquor upon a specific day and "thereafter."

2. LOSS OF SUPPORT—*when instruction in action for, properly refused.* An instruction in such an action is properly refused which tells the jury that the plaintiff is not entitled to recover unless they believe from the preponderance of the evidence that the liquor sold or given by the defendant to the intestate contributed to his intoxication "in an appreciable and essential degree and that such intoxication was the proximate cause of the injury to the plaintiff's means of support."

3. INSTRUCTIONS—*use of phrase "from the evidence" held not im-*

*proper.* It is not error to use in an instruction the words "from the evidence," as such a phrase performs the function of the words "from the preponderance of the evidence."

Action on the case. Appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 14, 1906.

DAN McGLYNN, for appellant.

R. B. HENDRICKS, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This is an action on the case under section 9 of the Dram-Shop Act, brought by appellee against appellant to recover damages for alleged loss of means of support by reason of appellant's selling and giving intoxicating liquors to appellee's husband. The declaration contains one count by which it is alleged in substance that appellant conducted a dram-shop in the city of East St. Louis, and that on or about the 15th day of April, 1905, and at divers times thereafter, appellant sold and gave intoxicating liquors to William Ditto, husband of appellee, by reason of which she lost and was deprived of her means of support. The appellant pleaded not guilty, and upon trial had the jury returned a verdict in favor of the plaintiff, assessing damages at $500. A motion by defendant for a new trial was overruled and judgment rendered on the verdict, from which the defendant appealed.

Complaint is made of the trial court's rulings in the admission of the testimony of Albert Ditto, a son of appellee. The objection made to this testimony was that it was immaterial, irrelevant and not within the allegations of the declaration. The witness testified in substance that his father had been a drinking man for ten years, that during that time he supported the family as best he could until he got to drinking to excess, about three months prior to the time of the trial,

and that since then he had not supported the family. Questioned as to seeing his father in the defendant's saloon before the 15th day of April, he testifies, that many times, coming home from work, his father would stop there and get a couple of drinks of whiskey, and sometimes go on home and sometimes remained at the saloon. "Generally he would bring some of the money home that he had earned, but most of it he would blow in, I mean he would get drunk on it." This evidence was entirely proper and relevant under the issues made by the pleading, and it would have been error to exclude it. Under the allegations that appellant sold and gave to William Ditto intoxicating liquors, "on or about the 15th of April, 1905, and divers times thereafter," appellee was not restricted to proof that the sales occurred on the day named and "thereafter." It was material to prove that appellant sold or gave intoxicating liquor to William Ditto, but it was wholly immaterial whether this was done before or after the 15th day of April, the day alleged. In support of her declaration it was required of appellee to prove that she was injured in her means of support, and to do that it was necessary to prove the conduct and habits of her husband as affected by the use of intoxicating liquors. For this additional reason the testimony of Albert Ditto was properly admitted.

The only objection made in argument to the given instructions is that a verdict for plaintiff is authorized if the jury believe the facts necessary to maintain the action "from the evidence" instead of "from a preponderance of the evidence." As stated in the opinion of the court in C. & E. I. R. R. Co. v. Cleminger, 77 App. 186, "we regard the objection as fanciful rather than substantial. The word 'evidence,' as here used, could in reasonable interpretation mean nothing less than all the evidence." By appellant's given instruction the jury are told that plaintiff must prove the essential facts by a preponderance of the evidence. This was the only instruction given as to the weight of

evidence required, and when read in connection with instruction for the plaintiff which in no wise conflicts with that proposition, there was nothing in the form of expression or language used calculated to mislead the jury as to the law. Appellant requested, and the court refused to instruct the jury that the plaintiff would not be entitled to recover unless the jury believed from a preponderance of the evidence that the liquor sold or given by the defendant to William Ditto contributed to his intoxication, "in an appreciable and essential degree and that such intoxication was the proximate cause of the injury to the plaintiff's means of support." It is insisted that this instruction should have been given. Under the express provision and language of the statute, liability accrues if the selling or giving of intoxicating liquors shall "have caused the intoxication in whole or in part." If the instruction was calculated to restrict or limit liability imposed by the statute, it was rightly refused. If this were not the effect, no harm was done appellant. If the liquor sold caused the intoxication in whole or in part, the effect was "appreciable" in an "essential" degree, sufficient to meet the requirement of the statute. The statute is plain in language and context, not requiring interpretation, and the instruction proposed by appellant, if not positively vicious, was well calculated to confuse rather than enlighten the jury. The questions whether the intoxication of William Ditto was caused by the liquor sold by appellant, and whether appellee was thereby injured in her means of support, were fairly submitted to the jury, and finding no error in the record prejudicial to appellant, the verdict is conclusive. The damages are not excessive. The judgment of the Circuit Court will be affirmed.

*Affirmed.*