# Lila Marie McConnell, by Charles W. McConnell, Appellee, v. Emil Bogaert et al., Appellants.

## Gen. No. 6,452.

1. INTOXICATING LIQUORS, § 227*—*when evidence shows that liquor furnished by defendants contributed to intoxication of father of plaintiff.* In an action by a minor against saloon keepers under section 9 of the Dramshop Act (J. & A. ¶ 4609), to recover for the death of plaintiff's father, alleged to have been due to intoxication caused by liquor purchased of defendants, evidence *held* sufficient to show that the liquor furnished by defendants to the decedent contributed to his intoxication, to satisfy the requirements of the Dramshop Act, without showing that it contributed in an appreciable and essential degree.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

McConnell v. Bogaert, 208 Ill. App. 582.

2. INTOXICATING LIQUORS, § 261*—*when defendants may not complain of failure of proof that liquor furnished decedent contributed to his intoxication.* In an action by a child against saloon keepers to recover for the death of her father as the result of intoxication, *held* that defendants were not in position to complain that the proof was insufficient to show that the liquor furnished decedent 'by them contributed to his intoxication in an appreciable and essential degree, where the jury were advised in instructions asked' by defendants that such liquor must have so contributed to such intoxication, and the evidence warranted a finding at least 15 glasses of beer were sold to him in 3 hours.

3. INTOXICATING LIQUORS, § 208*—*when plaintiff may show that intoxication was caused by other saloon keepers than defendants.* In an action under the Dramshop Act to recover for the death of plaintiff's father, claimed to have been due to intoxicating liquor furnished by defendant saloon keepers, plaintiff can prove that intoxication was caused by saloon keepers other than the defendants.

4. INTOXICATING LIQUORS, § 261*—*when defendants may not complain of insufficient proof to show intoxication.* Where testimony that other than defendants contributed to a party's intoxication was kept out by defendants, in an action under the Dramshop Act, defendants were not in position to complain of insufficient proof to show intoxication.

5. INTOXICATING LIQUORS, § 218*—*when evidence as to change in circumstances of plaintiff is inadmissible.* Subsequent advantageous change in the circumstances of a plaintiff, in an action to recover damages for death of plaintiff's parent under the Dramshop Act, cannot be given in evidence in mitigation of damages, and same does not diminish the damages.

6. INTOXICATING LIQUORS, § 245*—*when verdict is not excessive in action for death of parent.* In an action under the Dramshop Act to recover for the death of plaintiff's father, *held* that a verdict for $4,500 was not excessive for the loss of the father, where he had been earning $50 a month, spent $3 a week for her board, bought her clothing and other necessaries and took care of her, and she was 6 or 7 years old at the time of his death and 12 years old at the time of trial.

7. INTOXICATING LIQUORS, § 233*—*what are proper elements of damages in an action for death of parent.* In an action under the Dramshop Act to recover damages for the death of plaintiff's parent, the value of his life, the value of his services in the attention to and care and superintendence of his children and in their education, of which they are deprived by his death, were proper elements of pecuniary damage.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

8. PARENT AND CHILD, § 11*—*what are rights of child as to support by parent.* A child is entitled to support from her father during her minority and to a reasonable expectation of benefit, as of right or as of grace or favor, from the continuance of his life.

Appeal from the Circuit Court of Rock Island county; the Hon. WILLIAM T. CHURCH, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed October 16, 1917. *Certiorari* denied by Supreme Court (making opinion final).

JOSEPH L. HAAS, for appellants.

DIETZ & SINNETT, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This is an action on the case based on section 9 of the Dramshop Act (J. & A. ¶ 4609), and was brought by appellee, Lila Marie McConnell, a minor, by her next friend, against the appellants Emil Bogaert and Mathew Brady, keepers of dramshops at Moline, in Rock Island county, and the respective owners of the premises in which the dramshops were located and carried on, to recover damages to her means of support by reason of the death of her father alleged to have been caused in consequence of intoxication produced in whole or in part by the sale of intoxicating liquors to him by the dramshop keepers. The declaration consisted of two counts charging the death to have resulted in that way.

The appellants pleaded not guilty, and upon the trial the jury returned a verdict in favor of the appellee, assessing her damages at $4,500 upon which the court rendered judgment, and from this judgment an appeal is prosecuted.

Robert B. Godfrey, appellee's father, was a teamster employed by the City of Moline. On the evening of June 4, 1911, the deceased went to the saloon of the appellant Bogaert and drank some beer; from

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

there he went to the saloon of the appellant Brady, where he had more drinks. Upstairs in the building where Brady's saloon is located is a dance hall, and a dance was in progress at that time, and with it a regular bar in operation. Godfrey spent considerable time there that evening. The last seen of him before the injury was about midnight at the door of the dance hall. A little later he was found seriously injured lying between the east and westbound tracks of the C., R. I. & P. Railroad at a point about 2½ blocks distant from the dance hall. He was taken to the hospital where he died 2 days after from his injuries.

At the time of the death of Godfrey he was a widower, and the appellee, his minor daughter, was supported by him. He was paying for her board and furnishing her clothing and other necessities. Two months after the death of Godfrey the appellee was legally adopted by one C. W. McConnell, who cared for her after that time, and she was still living with him at the time of the trial.

It is contended by appellants that to make them liable the liquor furnished must have contributed to the intoxication of the deceased in an appreciable and essential degree; and that the proof in this case was not sufficient under the rule stated. We are of the opinion that the proof was sufficient to satisfy the requirements of the law, and that it shows that the liquor sold contributed to the intoxication. It was said in *O'Halloran v. Kingston*, 16 Ill. App. 662, that: "No doubt to meet just such cases the statute was devised, when it laid its penalty upon 'the person or persons who may have caused the intoxication in whole or in part.' And while those who contribute in a small degree may be thus made to suffer as much as those who are more culpable, yet it is a condition which is applied to the traffic in liquors, which the Legislature had the power to impose, and which the courts cannot ignore." In the case of *Hall v. Ditto*, 128 Ill. App.

187, an instruction asked by the defendant in that case on the point involved, which was as follows: "That the plaintiff would not be entitled to recover unless the jury believed from a preponderance of the evidence that the liquor sold * * * by the defendant * * * contributed to the intoxication 'in an appreciable and essential degree,'" was refused to be given by the trial court, and the Appellate Court held that: "If the liquor sold caused the intoxication in whole or in part, the effect was 'appreciable' in an 'essential' degree, sufficient to meet the requirements of the statute. The statute is plain in language and context, not requiring interpretation, and the instruction proposed by appellant, if not positively vicious, was well calculated to confuse rather than enlighten the jury." And *Eggers v. Hardwick,* 155 Ill. App. 259, is to the same effect.

But, assuming the law to be as contended by appellants, they are in no position to complain, as the jury were advised by the trial judge in two instructions asked by appellants that the intoxicating liquors must have contributed to an essential and appreciable degree to the intoxication. The appellants contend that the proof in this case only shows the sale of 3 glasses of beer to the deceased; but there is also evidence tending to show at least 15 sales of beer within 3 hours, and the jury were justified in finding at least that many sales from the proof. The appellee also sought to prove that the deceased went upstairs into the dance hall above one of those saloons where there was a regular bar in operation, and there had a great many drinks; but this testimony was kept out on the objection of appellants.

The law is, that a plaintiff can prove that intoxication was caused partly by other saloon keepers than the defendants. (*Wanack v. Alexander,* 78 Ill. App. 356; *McIntire v. Morris,* 199 Ill. App. 20.) It is incum-

bent upon the plaintiff in a case of this kind to prove that the deceased became intoxicated, and in some instances can only prove that by persons who saw him drink in different places. This then may become a necessary part of the proof of contributing to the intoxication, and hence this testimony offered was competent; but the testimony having been kept out by appellants' objections they are not in a position to complain that there is not sufficient proof of the number of drinks taken to show intoxication. There was proof, also, by other witnesses, that later in the evening the deceased was intoxicated.

Appellants have argued this case as if the deceased left him surviving two daughters, but there is no proof in the record that any child survived him other than the appellee.

It appears that 2 months after the death of plaintiff's father she was adopted by C. W. McConnell, as his daughter, and the appellants sought to prove that McConnell was well-to-do, and thereby to show that she was really benefited by her father's death, and that her means of support were then otherwise provided for, which evidence was rejected by the court. It is strongly urged by the appellants that this evidence was competent and should have been admitted. We regard what was said in *Deel v. Heiligenstein*, 244 Ill. 239, as decisive on this point, namely, subsequent, advantageous change in the plaintiff's circumstances cannot be given in evidence by defendant in mitigation of damages, and that the same does not diminish the damages.

It is also urged that the damages are excessive. Godfrey, the father of the appellee, was earning $50 per month, and was spending $3 per week for the appellee for her board; also buying her clothing and other necessaries, and taking care of her. At the time of his death the appellee was between 6 and 7 years of

age, and at the time of the trial she was about 12 years of age. While the recovery can only be had for pecuniary loss, manifestly that loss is the value of the life of the parent; then there is the value of the father's services in the attention to and care and superintendence of his children, and in their education, of all of which they are deprived by his death, and all these matters are elements of pecuniary damages. (*O'Fallon Coal & Mining Co. v. Laquet*, 198 Ill. 128.) The plaintiff had a right to support from her father during her minority, and to a reasonable expectation of benefit, as of right, or as of grace or favor, from the continuance of his life. (*City of Chicago v. Keefe*, 114 Ill. 224; *Baltimore & O. S. W. Ry. Co. v. Then*, 159 Ill. 539; *Ohio & M. Ry. Co. v. Wangelin*, 152 Ill. 138.) In view of the authorities and the facts involved, we cannot say that the amount of the judgment is excessive. The trial court gave all the instructions asked by the appellants, and the jury were very strongly instructed for their behalf. We find no reversible error in the record. The judgment is affirmed.

*Judgment affirmed.*