(No. 27026.—Reversed and remanded.)
LUTHER STEPHENS *et al.*, Appellees, *vs.* RALPH KASTEN *et al.*, Appellants.

*Opinion filed March 18, 1943—Rehearing denied May 17, 1943.*

GUNN, J., took no part.

SIMPSON, REED & BURROUGHS, for appellants.

G. EDMUND COOK, for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is a suit for damages growing out of a collision of two automobiles on the public highway. A trial was had before the circuit court of Madison county without a jury, and substantial damages awarded to the plaintiffs-appellees and against both the appellants. An appeal from that judgment has been brought to this court. The appeal involves only questions of law. It is the contention of the appellants that section 64 of the Civil Practice Act (Ill. Rev. Stat. 1941, chap. 110, par. 188,) is so arbitrary and unreasonable that it violates section 5 of article II of the Illinois constitution of 1870, providing for the right of trial by jury, and, in the alternative, that under the circumstances of this case the action of the court, in denying the appellants' request or demand for trial by jury, was an abuse of its judicial discretion and constitutes reversible error.

The history of the case is briefly as follows: On October 10, 1940, the appellees filed their complaint asking for damages and charging the appellants with negligence in the operation of an automobile. On November 16, 1940,

the appellants, through an attorney of Springfield, filed a motion to strike counts one and three of the complaint claiming that "recklessness" as charged with allegations of negligence was in effect an allegation of wanton misconduct or a different degree of conduct from that of negligence. On January 13, 1941, the appellees were granted leave to amend the complaint by interlineation, striking out the word "recklessly" wherever the same appears. On January 27, 1941, through a Springfield attorney, the appellants filed a motion to dismiss. On February 5, 1941, the court entered an order reciting the withdrawal of the appellants' motion to dismiss and granting leave to the appellants to answer by February 10, 1941. On February 10, 1941, the appellants, for the first time, filed a written demand for jury, through new attorneys in Edwardsville, on the same day filing an answer denying the allegations of due care on the part of the appellees and denying each act of negligence charged against them. On May 19, 1941, the appellees filed a motion to strike the appellants' demand for jury, apparently without notice thereof, which motion was sustained by the trial court on June 9, 1941, the demand for jury thereupon being stricken. On June 19, 1941, the appellants, through the Edwardsville attorneys, filed a motion asking that the court enter an order extending the time within which the appellants be allowed to file a demand for jury, or, in the alternative, to set aside the court's order entered June 9, 1941, setting forth as reasons therefor: (1) that the filing of the demand for jury concurrently with the answer has not prejudiced any substantial right of appellees; (2) that failure to permit a trial by jury when same is requested at the time issues are joined or before the cause is set for trial constitutes an arbitrary, unreasonable and unconstitutional limitation of the right of trial by jury, and (3) that a denial of a right to trial by

jury before the cause is set for hearing contravenes section 5 of article II of the Illinois constitution of 1870.

In conjunction with this motion there was filed by James L. Reed, one of the attorneys representing the appellants, an affidavit stating in substance that he is the attorney for the appellants, and as such is authorized to make the affidavit in their behalf; that upon receipt of the summons in the instant suit, same was forwarded by the appellants to their insurance carrier at Springfield, pursuant to the provisions of the insurance contract; that the company denied liability by reason of a breach of the contract, but agreed to defend the appellants under a nonwaiver agreement; that pursuant thereto the Springfield counsel filed a motion to strike the complaint but either through misapprehension or mistake failed to demand a trial by jury at said time; that the affiant's law firm was employed to represent the appellants after the filing of the motion to strike, at which time an answer and demand for trial by jury was filed; that neither the affiant nor his law firm received any notice of the motion to strike the demand for jury trial, other than a call from the clerk of the circuit court on the morning of June 9, 1941, at which time the attorneys for the appellees were presenting their motion to the court for decision; that the affiant's law partner immediately proceeded to the court room, but that the motion to strike the jury demand had already been granted without argument and without the affiant or his law firm being present or having the opportunity to be heard; that the affiant has been informed by the appellants and by the original Springfield counsel that neither of the appellants nor the Springfield counsel ever intended to waive the right to a trial by jury and that the appellants had never authorized such a waiver.

On October 3, 1941, the motion of June 19, 1941, to extend time for filing demand for jury or, in the alternative, to set aside the order of June 9, 1941, was denied.

The case was not called for hearing until January 12, 1942, and on January 29, 1942, the court found the issues against the appellants and allowed the appellee Luther Stephens the sum of $6000 in damages and the appellee Clarence Stephens the sum of $7000 in damages against both of the appellants. The appellants thereupon perfected their appeal to this court.

In condensed form this appeal presents two questions of law: 1. Does section 64 of the Civil Practice Act contravene section 5 of article II of the constitution of 1870? 2. Did the trial court err in refusing the appellants' motion to extend time for filing their demand for jury trial and was such refusal an abuse of the court's discretion in that regard?

Section 5 of article II of the Illinois constitution of 1870 provides: "The right of trial by jury as heretofore enjoyed shall remain inviolate." Section 64 of the Civil Practice Act provides as follows: "A plaintiff desirous of a trial by jury shall make his demand for a jury in writing, and file such demand with the clerk at the time suit is commenced, and a defendant desirous of a trial by jury shall make such demand and file the same at the time of filing his appearance; otherwise such party shall be deemed to have waived a jury * * *." Section 59 of the Civil Practice Act provides in part as follows: "Additional time may be granted on good cause shown, in the discretion of the court and on such terms as may be just, for the doing of any act or the taking of any step or proceeding prior to judgment in any civil action." The above-quoted portion of section 59 is supplemented by paragraph 5 of Supreme Court Rule 8 which reads: "The judge, for good cause shown on special motion after notice to the opposite party, may extend the time for putting in any pleading or the doing of any act which is required by the rules to be done, within a limited time, either before or after the expiration of the time." The right of a jury trial has been

guaranteed in Illinois ever since the State has been organized. This right has been carried forward in each of the several constitutions of the State. None of the constitutional provisions define the right of trial by jury. The provisions in each, however, mean the same thing, namely, the right of trial by jury as it existed at common law and which was enjoyed at the adoption of the respective constitutions. *Sinopoli* v. *Chicago Railways Co.* 316 Ill. 609, 616; *Liska* v. *Chicago Railways Co.* 318 Ill. 570, 583; *Corcoran* v. *City of Chicago,* 373 Ill. 567.

It may be pointed out that the provision of the constitution gives a litigant a right to a jury trial and does not provide that a jury trial should be had in each and every case. The very words of the constitution intend that in order to have a jury trial, some affirmative act toward that end may be taken by a party litigant. That the legislature has the power to regulate trials by jury is indicated by court approval of the statute providing that payment of a reasonable amount of money as jury fees should be made at the time of filing a demand for jury. This provision is carried in the Chicago Municipal Court Act, subdivision 2 of section 56, and was held valid in the case of *Morrison Hotel and Restaurant Co.* v. *Kirsner,* 245 Ill. 431, and *Williams* v. *Gottschalk,* 231 Ill. 175.

As was said in the case of *Adams* v. *Corriston,* 7 Minn. 456, "The constitution does not guarantee to the citizen the right to litigate without expense, but simply protects him from the imposition of such terms as unreasonably and injuriously interfere with his right to a remedy in the law or impede the due administration of justice." Section 64 of the Civil Practice Act requires the plaintiff to make his choice as to whether or not he wishes a trial by jury at the time he files his suit. The appellants contend that there should be no requirement to file a demand for jury until issues are made up by the filing of an answer, and

impliedly admit that such a regulation could validly be made. If a regulation is valid which provides that a jury demand must be filed by the defendant upon filing an answer or joining issue, then most certainly a regulation providing that a jury demand be filed upon filing appearance is likewise valid. The difference is only in degree of time. Of necessity, the need for a systematic order of procedure requires that there be regulation of the time when the right to a jury trial be requested. The appellants' first objection, therefore, that section 64 of the Civil Practice Act is unconstitutional, is not tenable.

Appellants' second contention is that even if section 64 of the Civil Practice Act is valid and the appellants had waived their right to a trial by jury by not having demanded same in accordance with section 64, yet, under the circumstances, the court abused its discretion in not extending the time in which to file the demand for jury. In the *Morrison Hotel case,* [245 Ill.] it was said at page 433, "In view, however, of the provision of the constitution that the cherished right of trial by jury shall remain inviolate, the statute should be liberally construed in favor of the right and the inclination of the court should be to protect and enforce the right." This language was used in construing the provision of the Municipal Court Act requiring the payment of fees upon filing a demand for jury. However, the language thereof is quite pertinent in the instant case. Courts jealously guard the right of a person to a trial by jury. Section 59 of the Civil Practice Act attempts to protect the rights of individuals for good cause shown in allowing additional time in the discretion of the court for the doing of any act or taking of any step or proceeding prior to judgment in any civil action.

Paragraph 5 of Supreme Court Rule 8 furthers this protection by providing that the court may, on motion, extend the time for putting in any pleading or the doing

of any act which is required by the rules to be done, within a limited time, either before or after the expiration of the time. It is true that this section and the rule of court thereunder cannot authorize an extension of limitation periods fixed by a statute nor extensions of time to do acts beyond the period over which a court has jurisdiction. However, in order to read purpose into the statute, and the rule of court thereunder, such provisions must be construed to apply to situations in which, for good cause shown and in fairness and justice, time should be extended in which to allow a party to exercise the right of trial by jury as guaranteed to him by the constitution.

In the case of *Osgood* v. *Skinner,* 186 Ill. 491, a waiver of jury was made in an original hearing of the cause and, after judgment was entered, the case was appealed to the Appellate Court for the First District where the judgment was reversed and the cause remanded. It was held that although a jury in the original hearing was waived, such waiver was exhausted by the trial and the review of it by the Appellate Court, and that when the cause was remanded to the trial court both parties were restored to the original right to trial by jury; that the agreement to waive a jury bound the parties to that particular mode of trial for one trial, only. The court, at page 496, said, "Even at the term when a waiver is made, it is within the discretion of the court to permit a withdrawal of it, and such permission is ordinarily given when the opposite party will not suffer. In case the jury has been discharged for the term on the strength of the waiver, or there is some other good reason, the court might deny a party the privilege of withdrawal; but so jealous is the law of the right to trial by jury, that ordinarily a court will permit such withdrawal where others' rights will not be injuriously affected."

In the instant case, the affidavit filed by counsel for the appellants in the trial court indicated that the appellants below desired a trial by jury and did not desire to waive

their right to same.  It is obvious that the attorney from Springfield, who represented the insurance company, by his careless action, waived the rights of the appellants below.  Although under most circumstances an attorney may bind his client by his acts, each case should stand upon its separate state of facts.  It is apparent here that the only interest of the Springfield attorney was to protect the insurance company and provide a defense for the appellants.  The fact that the appellants hired other attorneys to represent them indicates that they were dissatisfied with the actions of the Springfield attorney and did not consent to the waiver of their rights under the constitution.  See *Lyman* v. *Kaul,* 275 Ill. 11.  From the affidavit of the appellants' attorney it is apparent that counsel for the appellants had no opportunity to be heard on the motion to strike the original demand for trial by jury.  With the presentation of these facts to the trial court, the court, in the exercise of discretion and in the protection of the jealously guarded right of trial by jury, should have allowed to the appellants below the right to file a demand for jury, especially since it appears from the record that the filing of such jury demand at the later date did not tend to inconvenience the court or parties litigant or prejudice any rights in any manner whatsoever.  To arbitrarily refuse to accord to parties litigant the right to file a jury demand after time therefor has expired, upon good cause shown, is an abuse of the discretion of the court.

For these reasons, the judgment of the circuit court of Madison county will be reversed and the cause remanded for new trial.

*Reversed and remanded.*

Mr. Justice Gunn took no part in the consideration or decision of this case.