**Frederic O. Mason, Appellee, v. Continental Distributing Company, Inc., Appellant.**

**Gen. No. 44,187.**

Opinion filed January 5, 1948. Rehearing denied January 21, 1948. Released for publication January 27, 1948.

JOHNSON & WILES, of Chicago, for appellant; WALTER E. WILES and GEORGE E. Q. JOHNSON, JR., both of Chicago, of counsel.

MILLER, GORHAM, WESCOTT & ADAMS, of Chicago, for appellee; WILLIAM SIMON, of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Defendant appeals from a judgment against it in the superior court of Cook county in the amount of $37,417.28, which included interest, in an action to recover for breach of contract, and a trial without a jury.

Plaintiff, as assignee, filed his original complaint under sec. 22 of the Practice Act, ch. 110, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 104.022], making the necessary allegations in the complaint to bring him within said section, authorizing the suit to be brought in his own name. The complaint was also brought under section 57½ of the Practice Act [Ill. Rev. Stat. 1945, ch. 110, par. 181.1; Jones Ill. Stats. Ann. 104.057(1)] for a declaratory judgment. Section 36 of the Practice Act [Ill. Rev. Stat. 1945, ch. 110, par. 160; Jones Ill. Stats. Ann. 104.036] provides:

"Whenever an action, defense or counterclaim is founded upon a written instrument, a copy thereof, or of so much of the same as is relevant, must be attached to the pleading as an exhibit or recited therein, . . . ."

In conformity with this provision of the statute, plaintiff set forth in his complaint the cablegrams and correspondence beginning March 1, 1944, to and including June 23, 1944, alleging that they constitute a contract between a wine company in Portugal (for convenience referred to as "Serra") and the defendant, for the sale and purchase of wine; that the defendant breached the contract in that Serra shipped said wine in accordance with the contract, and defendant refused to accept the same. It is upon this alleged contract assigned by Serra to plaintiff the action is founded. The complaint prayed for a declaratory judgment that the correspondence set forth constitutes a binding contract of purchase and sale, and "that damages for said breach of contract in the sum of Thirty-one Thousand Seven Hundred Eighty-six and 10/100 ($31,786.10) Dollars may hereafter be fixed by a jury, and that plaintiff have judgment for the same and costs."

Defendant filed a written motion to dismiss the complaint, assigning as reasons that the cablegrams and letters set forth in the complaint do not constitute a contract, and that the complaint did not state a cause of action.

JUDGE U. S. SCHWARTZ, one of the judges of the superior court, heard the motion and entered the following order:

"   . . .

It Is Therefore Ordered that the defendant's motion to dismiss and each of the paragraphs thereof be and the same is overruled, and it is hereby ordered and decreed that the correspondence (including cablegrams) between the plaintiff's assignor and the defendant created a valid, binding, and enforceable contract between those parties.

The court being of the opinion that the complaint does not present a proper subject for a declaratory judgment and is properly an action for money damages for breach of contract; the plaintiff accordingly has re-. quested leave to amend his said complaint by striking therefrom the prayer for relief therein and adding an allegation of and prayer for money damages.

It Is Further Ordered that plaintiff be given leave to file an amendment to his complaint instanter.''

Thereupon, plaintiff filed an amendment to the complaint by striking from the original complaint the' prayer for relief and inserting in lieu thereof the following:

''Wherefore plaintiff prays judgment against defendant for the sum of Thirty-one Thousand, Seven Hundred Eighty-six Dollars and Ten Cents ($31,786.10).''

Defendant's motion to dismiss the amendment to the complaint was overruled and defendant ordered to file an answer within 30 days.

On July 26, 1946, defendant filed its answer and counterclaim and with it a demand for trial by jury. The answer, in 9 numbered paragraphs (paragraphs 1 and 7 of which were later stricken by the court, to which we shall presently refer), denied in paragraph 1 that plaintiff is the actual bona fide owner of the alleged cause of action sued on; denied that Serra assigned to plaintiff the alleged contract between it and defendant, dated at Oporto, Portugal, May 27, 1944; and alleged that the pretended assignment is without consideration and is merely to enable plaintiff, under the guise of being an assignee, to file a suit in the superior court of Cook county without bond, and in truth and in fact,. said plaintiff is acting for and on behalf of Serra, which is a foreign corporation and which is, in fact, the real plaintiff in this cause; that there was no contract entered into between it and Serra. Paragraph 3 admits the receipt and transmittal of the cablegrams and correspondence set forth in the complaint.

Paragraph 6 of said answer alleges that in addition to the correspondence set forth in the complaint, there was additional correspondence which further negatives the making of any contract transmitted between Serra and defendant. It then, in conformity with said section 36 of the Practice Act, set forth the correspondence, beginning with April 28, 1944, to and including November 7, 1944. Paragraph 7 of the answer sets forth that defendant has no knowledge sufficient to form a belief as to whether Serra shipped to defendant on June 7, 1944, 200 hogsheads and 100 pipes of port wine and neither admits nor denies same but demands strict proof thereof; that if Serra did ship such wine, said shipment was not pursuant to the terms of any contract with defendant, and hence Serra did not perform all or any obligations under said contract, for no such contract existed; that it did refuse to accept or to make payment for certain wine, which it was notified by Serra had been shipped to its account, for the reason that it had not agreed to accept said wine.

A motion by plaintiff to strike paragraphs 1 and 7 of the answer was heard by the trial judge, and the following order was entered:

". . . doth find:

1. JUDGE U. S. SCHWARTZ of this court has heretofore held that the correspondence between plaintiff's assignor and the defendant set forth in the complaint constitute a valid and binding contract; the additional correspondence set forth in the defendant's answer does not alter or vary such contract; and the plaintiff's motion to strike the allegations in paragraphs numbered 1 and 7 of the answer denying the existence of a contract between plaintiff's assignor and the defendant should be sustained.

. . .

It Is Therefore Ordered that plaintiff's motion to strike those portions of paragraphs numbered 1 and 7

of the defendant's answer which deny the existence of a contract between plaintiff's assignor and the defendant, be and the same are hereby sustained.

It Is Further Ordered that the defendant's motion to dismiss Frederic O. Mason as a plaintiff be and the same is hereby denied.''

Defendant then moved in writing, supported by affidavit, for a transfer of the cause to the jury calendar, in which it set forth that the original complaint asked for a declaratory judgment as well as a jury; that subsequently the paragraph was stricken by amendment to the complaint, and the prayer for relief was only for judgment against defendant; that thereafter on July 26, 1946, defendant filed its jury demand in the clerk's office and paid the required jury fee; that the defendant was misled by the plaintiff's demand for a jury incorporated in the complaint, and when this portion of the complaint was stricken, defendant made its jury demand according to the statute.

The motion to transfer to the jury calendar was denied. A motion for an order to extend of record the time for filing a jury demand to July 26, 1946, being the date on which the jury demand was filed by the defendant, was likewise denied.

Because we deem it necessary to order a new trial of this cause, we shall refrain from discussing the evidence and from expressing any opinion upon the main contention, that no contract existed between Serra and defendant.

The complaint in the instant case, as already pointed out, sought a declaratory judgment under sec. 57½ of the Practice Act.

The primary question for the trial court to determine in the first instance was whether the complaint presented a cause of action entitling plaintiff to a declaratory judgment within the purview of sec. 57½. In the order entered by JUDGE SCHWARTZ, the court

decreed that the complaint did not present a proper subject for a declaratory judgment. Both sides have acquiesced in this part of the order. In view of this order, the court had no right to make the finding that the correspondence and cablegrams set up in the complaint create a good, valid and binding contract between the plaintiff's assignor and the defendant. When plaintiff amended the complaint after this order, it revised its prayer for relief and did not seek a declaratory judgment but only a judgment for damages for breach of contract. Had the matter proceeded to trial upon the complaint, as amended, and the answer of the defendant, the order making a declaratory finding could be disregarded as surplusage and not binding upon the trial judge. But the trial judge, upon the strength of the order entered by JUDGE SCHWARTZ with its declaratory finding, struck paragraphs 1 and 7 of defendant's answer.

The additional correspondence referred to in this order, set up in the answer of defendant, was relied upon by defendant to explain some alleged ambiguity appearing in the cablegrams and correspondence set up in the original complaint, and upon the theory that the additional correspondence tended to show the construction the parties themselves had placed upon the cablegrams and correspondence set up in said complaint as well as to negative the claim of an existing contract. By the striking of these portions of the answer, the defendant, in our judgment, was deprived of the opportunity to fully defend the claim made by the plaintiff, and the trial judge was led into the error of striking these portions of the answer by reliance upon the order of JUDGE SCHWARTZ. The trial judge again made reference to that order upon the trial of the case, during the examination of the witness Hamann, for defendant, with reference to the cablegrams in evidence. On objection to the witness being asked to state the understanding in the trade of

the term "exceptionally" appearing in the cablegram of May 27, the court said:

"The Court: Sustained with reference to cablegrams. That is all behind us. JUDGE SCHWARTZ ruled on that.

Mr. Wiles: Then Your Honor was wrong in permitting Counsel to offer a lot of those telegrams in evidence.

The Court: They were not offered for the purpose of establishing a contract. That already has been done. I assume he had to offer them to complete what you people had argued before JUDGE SCHWARTZ, or that your report might be complete as to what transpired there and what was behind that particular order of JUDGE SCHWARTZ, in which he held these cablegrams . . .

Mr. Wiles: If JUDGE SCHWARTZ' order was effective we would not need to show what was behind it."

Apparently governed by the declaratory finding in the order of JUDGE SCHWARTZ, the trial judge closed the inquiry as to whether a contract existed, and whether the term "exceptionally," employed in the offer of May 27, was ambiguous so as to require evidence to explain what well-defined meaning in the trade that term had. The term "exceptionally" is ambiguous and requires explanation by those competent to testify. This was an essential part of the defense, a hearing upon which should not be denied to defendant.

Defendant's contention that it was denied its constitutional right of trial by jury, and that the court abused its discretion in no allowing it a jury trial, we regard meritorious. The original complaint contained in its prayer for relief a jury demand. The defendant, by its affidavit filed, made a clear showing that it was led to believe that plaintiff had paid the jury fee required by the Practice Act, and that when it made its motion to strike the complaint, which motion was sustained, it did not deem it necessary to file a jury de-

mand with its motion to strike. Defendant was given 30 days in which to answer the amended complaint. When defendant filed its answer to the amended complaint on July 26, it at the same time filed a jury demand and paid the fee.

We believe, upon the showing made, that it was an abuse of discretion to deny the defendant a jury trial. Had plaintiff, at the time he filed his complaint containing a jury demand, paid the fee, plaintiff would have no right to withdraw his jury demand unless the court allowed defendant at the same time the right to demand a jury and pay the fee. Section 64 of the Practice Act [Ill. Rev. Stat. 1945, ch. 110, par. 188; Jones Ill. Stats. Ann. 104.064] provides:

"If the plaintiff files a jury demand and thereafter waives such demand, the defendant shall be granted a jury trial upon motion made at the time of such waiver and upon payment of the proper fees to the clerk."

The defendant in this case assumed in good faith that plaintiff had paid the fee without checking the court record. It did not discover the fact until the time arrived for filing its answer, when it did file its jury demand and pay the fee. Consistent with that, it moved to transfer the cause to the jury calendar, which was denied, and later moved in writing that an order be entered of record *nunc pro tunc* as of July 26, 1946, extending the time in which to file the jury demand.

We think there are far stronger reasons in the instant case for holding there was an abuse of discretion in refusing a jury trial than was involved in *Stephens v. Kasten*, 383 Ill. 127. In that case, suit was filed in the circuit court of Madison county, Illinois. A firm of lawyers in Springfield forwarded a motion to strike the complaint. The court allowed plaintiffs to amend their complaint and, again, the lawyers at Springfield filed a motion to dismiss. The court entered an order reciting the withdrawal of defendants' motion to dismiss and granting leave to defendants to answer. It

was upon the filing of this answer that they also filed a written demand for jury, through new attorneys in Edwardsville. A motion to strike the demand for jury was sustained by the court, the order being without notice to defendants, and the jury demand was stricken. Defendants then filed a motion asking the court to enter an order extending the time within which defendants be allowed to file a demand for jury or, in the alternative, to set aside the court's order striking the jury demand. The court, at p. 135, said:

"The fact that the appellants hired other attorneys to represent them indicates that they were dissatisfied with the actions of the Springfield attorney and did not consent to the waiver of their rights under the constitution. . . . it is apparent that counsel for the appellants had no opportunity to be heard on the motion to strike the original demand for trial by jury. With the presentation of these facts to the trial court, the court, in the exercise of discretion and in the protection of the jealously guarded right of trial by jury, should have allowed to the appellants below the right to file a demand for jury, especially since it appears from the record that the filing of such jury demand at the later date did not tend to inconvenience the court or parties litigant or prejudice any rights in any manner whatsoever. To arbitrarily refuse to accord to parties litigant the right to file a jury demand after time therefor has expired, upon good cause shown, is an abuse of the discretion of the court."

The jury demand in the instant case was filed on July 26, 1946. It was during the vacation term of the court. No inconvenience or unnecessary delay could result, had the jury demand been recognized, since ordinarily the case would not be called for trial before the opening of the court in September. In *Stephens v. Kasten*, at p. 133, the court further said:

"Courts jealously guard the right of a person to a trial by jury. Section 59 of the Civil Practice Act attempts

to protect the rights of individuals for good cause shown in allowing additional time in the discretion of the court for the doing of any act or taking of any step or proceeding prior to judgment in any civil action.''

Defendant also contends that plaintiff is not a bona fide owner of the chose in action within the requirement of sec. 22 of the Practice Act, and that the showing made by defendant by affidavit and proof was sufficient to justify the dismissal of the suit by this plaintiff. We have examined the motion and affidavit filed in support thereof, as well as the counter-affidavit, and we are satisfied that there is a sufficient showing that plaintiff is entitled to maintain this action as assignee in his own name under sec. 22.

For the reasons indicated, the judgment of the superior court is reversed and the cause remanded with directions to allow defendant a jury trial and to proceed in accordance with the views herein expressed.

*Judgment reversed and cause remanded with directions.*

Niemeyer, P. J., and O'Connor, J., concur.