Lyle W. Roszell, Plaintiff-Appellant, v. Herman Gniadek, Defendant-Appellee.

Gen. No. 9,824.

Opinion filed November 14, 1952. Released for publication December 10, 1952.

HEYL, ROYSTER & VOELKER, of Peoria, for appellant; CLARENCE W. HEYL, of Peoria, of counsel.

THEODORE B. DURFEE, of Peoria, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

A negligence action was filed by the plaintiff on December 22, 1949 for injury to his person and damage to his car against the defendant, in the circuit court of Tazewell county. On the defendant's own motion, but with the consent of the plaintiff, an order was entered on January 16, 1950 extending the time for the filing of the defendant's pleading to January 26, 1950. On January 26, 1950 a motion to strike a portion of the complaint was filed by the defendant. No demand for jury trial was filed in the original complaint, and the defendant failed to demand a jury until April 19, 1950, when he filed a motion for leave to file a jury demand. This motion was supported by an affidavit of the defendant's attorney to the effect that failure to demand a jury trial was the result of his own inadvertence and mistake.

At the September term (November 9, 1950) leave was granted defendant to file jury demand within ten days, which demand was so filed. Later the plaintiff's motion to strike the jury demand was denied.

The jury trial which followed resulted in a verdict for the defendant as to the complaint of the plaintiff, and for the plaintiff on the counterclaim.

The sole issue presented on this appeal is to determine if the trial judge had the authority to extend the time for the defendant to file the jury demand.

Section 64 of the Civil Practice Act provides as follows:

"A plaintiff desirous of a trial by jury shall make his demand for a jury in writing, and file such demand with the clerk at the time suit is commenced, and a defendant desirous of a trial by jury shall make such demand and file the same at the time of filing his appearance; otherwise such party shall be deemed to have waived a jury. . . ."

Section 59 of the Civil Practice Act provides in part as follows:

"Additional time may be granted on good cause shown, in the discretion of the court and on such terms as may be just, for the doing of any act or the taking of any step or proceeding prior to judgment in any civil action."

This portion of section 59 is supplemented by paragraph 5 of Supreme Court Rule 8 which reads:

"The judge, for good cause shown on special motion after notice to the opposite party, may extend the time for putting in any pleading or the doing of any act which is required by the rules to be done, within a limited time, either before or after the expiration of the time."

The appellant takes the position, in the light of the language of section 64 above quoted, that it was error for the trial judge to have permitted a jury demand to be filed by the defendant after both a motion to extend the time for pleading and a motion to strike the complaint had been filed by the defendant.

Appellant claims that each document was equivalent to a general appearance, and having filed a general appearance the defendant is, in the words of the section, "deemed to have waived a jury."

 While the right to a trial by jury is a constitutional guarantee section 64 imposes regulations as to what must be done by a litigant to display his desire

for a jury trial so as to insure the orderly presentation of the business of the court. This section has been held to be reasonable in its requirements, and constitutional. *Stephens v. Kasten,* 383 Ill. 127. The provision is not intended to impose a burden on a person or to create a condition precedent of the enjoyment of a constitutional privilege, but merely establishes an orderly method for a party to a lawsuit to inform the court of his desire to have his case tried by a jury, as is his right. In the light of the accompanying sections of the Civil Practice Act, the Supreme Court rules above quoted, and the decisions of our Supreme Court, section 64 is not intended to diminish the right to a trial by jury as is guaranteed by both our State and Federal Constitutions.

The issue presented here seems to have been carefully and studiously considered by our Supreme Court in *Stephens v. Kasten, supra.* There a motion to strike unaccompanied by a jury demand, was filed as to two of three counts of a negligence complaint. The complaint was amended on its face and a new motion to dismiss the suit was filed. This second motion, like the first, failed to demand a jury. The second motion was later withdrawn and the defendant was ordered to answer or otherwise plead by February 10, 1941. On that day both an answer and a jury demand were filed by new attorneys representing the defendant from Edwardsville. Thereafter, on motion, the court struck the jury demand and on trial found the issues against the appellants. On appeal the Supreme Court reversed the trial court and held that to arbitrarily refuse to accord to parties litigant the right to file a jury demand after time therefor had expired, upon good cause shown, was an abuse of the discretion of the court, and the cause was remanded for a new trial with a jury.

The opinion, on page 133, adopted the language used in *Morrison Hotel & Restaurant Co. v. Kirsner,* 245 Ill. 431 at page 433:

"In view, however, of the provision of the constitution that the cherished right of trial by jury shall remain inviolate, the statute should be liberally construed in favor of the right and the inclination of the court should be to protect and enforce the right."

In the *Stephens* case, *supra,* our Supreme Court stated on pages 133 and 134:

"Courts jealously guard the right of a person to a trial by jury. Section 59 of the Civil Practice Act attempts to protect the rights of individuals for good cause shown in allowing additional time in the discretion of the court for the doing of any act or taking of any step or proceeding prior to judgment in any civil action.

"Paragraph 5 of Supreme Court Rule 8 furthers this protection by providing that the court may, on motion, extend the time for putting in any pleading or the doing of any act which is required by the rules to be done, within a limited time, either before or after the expiration of the time. It is true that this section and the rule of court thereunder cannot authorize an extension of limitation periods fixed by a statute nor extensions of time to do acts beyond the period over which a court has jurisdiction. However, in order to read purpose into the statute, and the rule of court thereunder, such provisions must be construed to apply to situations in which, for good cause shown and in fairness and justice, time should be extended in which to allow a party to exercise the right of trial by jury as guaranteed to him by the constitution."

For authority the *Stephens* case, *supra,* followed *Osgood v. Skinner,* 186 Ill. 491, in which a jury demand was permitted to be filed after the cause had been tried

without a jury on the original hearing and the matter was reversed and remanded for a new trial by the Appellate Court.

From the *Osgood* case, *supra,* at page 496, the following is quoted:

''Even at the term when a waiver is made it is within the discretion of the court to permit a withdrawal of it, and such permission is ordinarily given when the opposite party will not suffer. In case the jury has been discharged for the term on the strength of the waiver, or there is some other good reason, the court might deny a party the privilege of withdrawal; but so jealous is the law of the right to trial by jury, that ordinarily a court will permit such withdrawal where others rights will not be injuriously affected.''

In *Vail, Mills & Armstrong v. City of Paris,* 344 Ill. App. 590 this court concluded that the grant of additional time to the defendants in which to plead did not expressly or by implication extend the time for filing a jury demand. This opinion is not intended to change that view.

 The trial court granted the motion of the defendant (supported by affidavit) for leave to file a jury demand. This was within the sound discretion of the court and a procedure which was not followed in the *City of Paris* case, *supra.* Inadvertence and mistake, the basis of the defendant's request for additional time in which to file the jury demand, seems to be slight reason, to be sure, but in view of the *Kasten* case, *supra,* it seems to be sufficient, if in the wisdom of the trial judge the motion for additional time in which to file the jury demand is granted.

Considering *Stephens v. Kasten, supra,* as raising the identical point involved here we follow the Supreme Court and accordingly affirm the circuit court of Taze-

346

well county and the action of the trial judge in granting the additional time for the filing of the jury demand.

*Judgment affirmed.*

WHEAT, P. J. and REYNOLDS, J., specially concurring.