Arnold A. Schwartz, d/b/a Allied Finishing Specialties Co., Appellee, v. Lake View Tool & Manufacturing Co., Appellant.

Gen. No. 46,399.

First District, Second Division.
February 15, 1955.
Released for publication March 7, 1955.

Robert L. Huttner, of Chicago, for appellant.

. Collen, Kessler & Kadison, of Chicago, for appellee; Mark A. Greenhouse, of Chicago, of counsel.

MR. JUSTICE ROBSON delivered the opinion of the court.

Plaintiff filed an action in contract against the defendant to recover for goods, wares and merchandise sold and delivered to the defendant. No jury demand was made. Defendant entered its appearance and with

it filed a jury demand. It filed its answer and a counter-claim against the plaintiff. Plaintiff answered the counterclaim. On the call of the case for trial defendant waived its jury demand. Plaintiff thereupon demanded a trial by jury and defendant objected. The court allowed plaintiff's motion. The jury returned a verdict for the plaintiff on his statement of claim and against the defendant on its counterclaim. The trial court entered judgment on the verdict for the plaintiff in the sum of $756.49.

The issue which we must decide is whether the trial judge had the authority to grant plaintiff a trial by jury after the defendant had waived it. Section 30 of the Municipal Court Act, Ill. Rev. Stats. 1953, ch. 37, par. 385 [Jones Ill. Stats. Ann. 108.053], provides that suits at law shall be tried by the court without a jury unless plaintiff, at the time he commences his suit, or defendant at the time he enters his appearance, shall make a demand for jury. Section 20 of the Act [Ill. Rev. Stats. 1953, ch. 37, § 375; Jones Ill. Stats. Ann. 108.045] provides that the judges of the municipal court of Chicago shall have the power to adopt in addition or in lieu of the provisions therein contained such rules of practice as they may deem necessary or expedient for the proper administration of justice in the court. Pursuant to section 20, Rule 59 of the Civil Practice Rules of the Municipal Court of Chicago pertaining to trial of actions and jury demands was adopted. The pertinent provision which pertains to this action is as follows:

"(1) Issues of fact in any action which either party is entitled to have tried by jury shall be tried without a jury unless a demand in writing of a trial by jury is filed by the plaintiff or by the defendant. Such demand, if it be for the trial of the issues which may be raised upon the plaintiff's statement of claim, if it be a demand of the plaintiff, must be filed by him at the time he commences his action, or if it be a demand of the de-

fendant, it must be filed by him at the time he enters his appearance. If the demand be for a trial by jury of the issues which may be raised by the defendant's counterclaim, it must be filed at the time of the filing of the counterclaim, if it is a demand of the defendant, or, if it be demand of the plaintiff, it must be filed by him at the time of the filing of his defense thereto or the taking of any other action by him with respect thereto. If plaintiff files a jury demand and thereafter waives such demand, the defendant shall be granted a jury trial upon motion made at the time of such waiver and upon payment of the proper fee to the Clerk."

Defendant contends that upon the waiver by defendant of its jury demand on the call of the case for trial, the court had no discretion to grant a jury trial over the objection of the defendant. Plaintiff contends that even though he had not filed a jury demand prior to the time defendant made its waiver, it was within the discretion of the trial court to permit the plaintiff to file it. He argues that when he filed his statement of claim he did not desire a trial by jury. However, when defendant filed its counterclaim he would have asked for a trial by jury but defendant already had a jury demand on file and therefore it was not necessary for him to exercise his right.

The Municipal Court Act, section 30, provides that a trial shall be without a jury unless it shall be demanded at the time and the manner prescribed therein. Rule 59, paragraph 1, supplements this section of the Municipal Court Act. It gives plaintiff two opportunities as a matter of right to make a jury demand. First, when he filed his suit and second, when he filed his defense to defendant's counterclaim. In neither instance did he exercise his right. The last sentence of paragraph 1 gives defendant the right to demand a jury when plaintiff who has demanded a jury later waives it. There is no provision that if defendant who

has filed a jury demand and a counterclaim and later waives the jury demand that plaintiff shall be given the right to file a jury demand.

 Our Supreme Court in the recent case of Reese v. Laymon, 2 Ill.2d 614, in construing section 64 of the Civil Practice Act [Ill. Rev. Stats. 1953, ch. 110, § 188; Jones Ill. Stats. Ann. 104.064], which is comparable to section 30 of the Civil Practice Rules of the Municipal Court Act and the provisions of Rule 59 of the Rules of Procedure, held that the constitutional provision that the right of trial by jury shall remain inviolate, refers to the right of trial by jury as it existed at common law and as enjoyed at the time of the adoption of the constitution. It does not, however, mean that a jury trial shall be had in each and every case (Stephens v. Kasten, 383 Ill. 127), nor does it preclude any and all restrictions on the exercise of the right. The court on page 620 quotes with approval the following from Stephens v. Kasten, supra:

"The appellants contend that there should be no requirement to file a demand for a jury until issues are made up by the filing of an answer, and impliedly admit that such a regulation could validly be made. If a regulation is valid which provides that a jury demand must be filed by the defendant upon filing an answer or joining issue, then most certainly a regulation providing that a jury demand be filed upon filing appearance is likewise valid. The difference is only in degree of time. Of necessity, the need for a systematic order of procedure requires that there be regulation of the time when the right to a jury trial be requested."

 As we stated, under Rule 59, paragraph 1, if plaintiff desires a trial by jury he must make his choice either when he files his suit or, if defendant files a counterclaim, when he files his defense to defendant's counterclaim. Construing the language of the Reese case, supra, it is apparent that when plaintiff has

waived his right to a jury demand he has lost his right to renew it. The dominant consideration is a definite time for making the demand rather than changing circumstances. In Roszell v. Gniadek, 348 Ill. App. 341, it was held that section 64 of the Civil Practice Act imposing regulations as to what must be done by a litigant to display his desire for a jury trial is reasonable in its requirement and does not diminish the right to a trial by jury as is guaranteed by the state and federal constitutions.

■■ The discretion of the trial judge as stated in Reese v. Laymon, supra, and Roszell v. Gniadek, supra, applies only to extending the time for filing a jury demand when good cause is shown. Plaintiff in the instant case filed his answer to the counterclaim on January 19, 1951, and on December 14, 1953, the case was called for trial, at which time defendant waived a jury. The fact that defendant had demanded a jury cannot be construed to provide plaintiff with such a showing of good cause as would support an extension of nearly three years in which to file his jury demand in case of a waiver of it by the defendant. To grant the trial judge such a discretion would change the clear intent of Rule 59 and destroy the systematic order of procedure for which it provides.

We, therefore, conclude that it was error for the trial court to grant plaintiff a trial by jury after it had been waived by defendant. The judgment of the trial court is reversed and the cause remanded with directions to grant defendant's motion for a new trial.

Judgment reversed and cause remanded with directions.

McCORMICK, P. J. and SCHWARTZ, J., concur.