Mildred Hudson, Sharon Kay Hudson, by Mildred Hudson, Her Mother and Next Friend, David Lee Hudson, by Mildred Hudson, His Mother and Next Friend, and Michael Edward Hudson, by Mildred Hudson, His Mother and Next Friend, Plaintiffs-Appellees, v. Don Leverenz, d/b/a Don's Tavern, Stanley R. Smith, d/b/a Smitty's Tavern, Frank Davison, d/b/a Davison's Tavern, Rita Pinder, Mary Connor, and Harold Connor, d/b/a Top Hat, Defendants-Appellants.

Gen. No. 10,026.

Third District.

February 14, 1956.

Rehearing denied March 12, 1956.

Released for publication March 12, 1956.

Jones, Sebat & Swanson, and Mann, Stifler & Snyder, all of Danville, and Ray F. Dobbins, and Dobbins & Fraker, all of Champaign, for defendants-appellants.

Ryan and Austin, of Mattoon, for plaintiffs-appellees; Willis P. Ryan, and Harlan Heller, both of Mattoon, of counsel.

JUDGE REYNOLDS delivered the opinion of the court.

This is an appeal growing out of what is commonly known as a "Dram Shop Case." Suit was brought by Mildred Hudson and her three minor children, Sharon Kay Hudson, David Lee Hudson and Michael Edward Hudson, against Don Leverenz, Mary A. Connor, Stanley R. Smith and Frank Davison, tavern operators, under the Dram Shop statute, for damages growing out of the death of Clinton Lee Hudson, husband of Mildred Hudson and father of the minor children. Clinton Lee Hudson was killed in an automobile accident when the automobile in which he was riding, collided with one driven by one Jackie Nebergall, who was alleged to have been intoxicated. Nebergall was alleged to have bought intoxicating liquors from the tavern operators, the defendants herein.

Trial was had before the Circuit Court of Vermilion County, without a jury, and after hearing the evidence the court entered judgment for the plaintiff Mildred Hudson, in the amount of $15,000; for the plaintiff Sharon Kay Hudson, in the amount of $6,750; for the plaintiff David Lee Hudson, $8,250; for the plaintiff Michael Edward Hudson, $8,750, the judgments being joint and several against the defendants Don Leverenz, Mary A. Connor, Stanley R. Smith and Frank Davison.

■■■■■■■■■■■■

From these judgments the defendants appeal to this court.

For grounds of the appeal the defendants contend that the plaintiffs failed to prove their case by a preponderance of the evidence; that the plaintiffs failed to prove their case by circumstantial evidence; that the trial court erred in denying defendants' motion for leave to file a jury demand; that the trial court erred in excluding evidence of social security payments to the plaintiffs; that the damages should be limited to an aggregate of $15,000 and that the Dram Shop Act as presently written is unconstitutional.

■■ Since the first two grounds assigned as error deal with questions of fact, these grounds will be discussed together. This court has held repeatedly that unless the verdict of a jury or court is palpably and clearly erroneous, it will not be disturbed by a reviewing court. This doctrine is so well established that it is not necessary to cite authorities. It makes little difference whether the trial was before a court or a jury. The trial court or the jury has the opportunity to hear the witnesses, observe their demeanor while testifying, their candor or lack of candor, their means of knowing that about which they testify, and in general to weigh the evidence as well as the actions of the witnesses. The reviewing court does not have this opportunity, and for that reason hesitates to disturb a finding of fact unless it is clearly and palpably erroneous. Here the evidence is conflicting. There are a number of witnesses who testified that the said Nebergall had drunk intoxicating liquors, bought or obtained from the defendants a short time before the fatal accident. Nebergall and his companion testified to these facts. It is true that there was some impeachment of their testimony, by way of prior statements made about Nebergall's drinking. It was for the trial court to decide, whether or not at the time of the trial,

99

Nebergall and his companion Ronald Thomas told the truth, or whether or not the prior statements were true. There was testimony that Nebergall was not intoxicated. The three men of the highway maintenance crew were witnesses for the defendants. Two of them were close to Nebergall and they testified that they did not smell alcohol on his breath and that he, Nebergall, appeared dazed. The two nurses at the hospital testified that they administered to him and they did not notice any odor of intoxicating liquor and in their opinion he was not intoxicated. All this testimony presents questions of fact which is the province of the trial court or jury to pass upon and this court is unable to find such error as would justify this court in reversing the finding of the trial court on such questions of fact.

The third point presented by the defendants' appeal is that the trial court erred in denying their motion for leave to file a jury demand. The plaintiffs did not file a jury demand and none of the defendants filed a jury demand at the time of filing their answers. The third amended complaint was filed September 2, 1954. On October 4, 1954, the case was set for trial before the court for December 13, 1954. On December 1, 1954, the defendants filed their demand for a jury trial. On December 6, 1954, the defendants filed motions for leave to file a jury demand, supported by affidavits of counsel. These affidavits set up that as a result of mistake, inadvertence or misapprehension of the facts, said attorneys failed to file a jury demand. To these motions, the plaintiffs filed their motion to strike. On December 6, 1954, a hearing on said motions was had and the court denied the defendants' motion for leave to file jury demands. Five days later, on December 11, 1954, one of the attorneys for the plaintiffs filed a counter affidavit, in which this attorney set up that the case was set for trial before the court, on October 4, 1954 and that Ralph Swanson, one of the

attorneys for Leverenz, one of the defendants, was present; that depositions were subsequently taken; that all attorneys of record had notice 30 days prior to the filing of the defendants' motions for leave to file jury demands; that the case was set on a nonjury calendar and that certain attorneys for some of the defendants knew this from the time of the filing of the complaint; that it would be disadvantageous to the plaintiffs to grant defendants a trial by jury. Whether or not there was any agreement about the filing of the counter affidavit for the plaintiffs, does not appear of record, but apparently the trial court did not consider it in his ruling.

Section 64 Civil Practice Act (Section 188, Chapter 110, Illinois Revised Statutes 1953 [Jones Ill. Stats. Ann. 104.064]) provides that a plaintiff shall file his demand for jury in writing at the time suit is commenced and that a defendant desirous of a jury trial shall make such demand and file the same at the time of filing his appearance; otherwise, such party shall be deemed to have waived a jury.

Section 59, Civil Practice Act (Section 183, Chapter 110, Illinois Revised Statutes 1953 [Jones Ill. Stats. Ann. 104.059]) provides that additional time may be granted on good cause shown, in the discretion of the court and on such terms as may be just, for the doing of any act or the taking of any step or proceeding prior to judgment in any civil action.

Supreme Court Rule 8, Paragraph 5 (Section 259.8, Chapter 110, Illinois Revised Statutes, 1953 [Jones Ill. Stats. Ann. 105.08, subd. (5)]) provides that the judge, for good cause shown on special motion after notice to the opposite party, may extend the time for putting in any pleading or the doing of any act which is required by the rules to be done, within a limited time, either before or after the expiration of time.

■ The right of the legislature to regulate trial by jury has been settled for a long time. In the case of

101

Morrison Hotel & Restaurant Co. v. Kirsner, 245 Ill. 431, the power of the legislature to regulate trials by jury was upheld. That case further held that a litigant must do some affirmative act toward the end, in order to be entitled to a jury trial. In that case, in defining the right of a litigant to have a jury trial the court said: "In view, however, of the provision of the constitution that the cherished right of trial by jury shall remain inviolate, the statute should be liberally construed in favor of the right and the inclination of the court should be to protect and enforce that right." The case of Stephens v. Kasten, 383 Ill. 127, affirms the doctrine of the Morrison Hotel case, supra, and says: "Courts jealously guard the right of a person to a trial by jury. Section 59 of the Civil Practice Act attempts to protect the rights of individuals for good cause shown in allowing additional time in the discretion of the court for the doing of any act or taking of any step or proceeding prior to judgment in any civil action.

"Paragraph 5 of Supreme Court Rule 8 furthers this protection by providing that the court may, on motion, extend the time for putting in any pleading or the doing of any act which is required by the rules to be done, within a limited time, either before or after the expiration of the time. It is true that this section and the rule of court thereunder cannot authorize an extension of limitation periods fixed by a statute nor extensions of time to do acts beyond the period over which a court has jurisdiction. However, in order to read purpose into the statute, and the rule of court thereunder, such provisions must be construed to apply to situations in which, for good cause shown and in fairness and justice, time should be extended in which to allow a party to exercise the right of trial by jury as guaranteed to him by the constitution."

The Stephens v. Kasten case, supra, had a similar situation to the present case in that there was a change

102

of attorneys. The court, in ruling that a jury trial should have been allowed, said: "With the presentation of these facts to the trial court, the court, in the exercise of discretion and in the protection of the jealously guarded right of trial by jury, should have allowed to the appellants below the right to file a demand for jury, especially since it appears from the record that the filing of such jury demand at the later date did not tend to inconvenience the court or parties litigant, or prejudice any rights in any manner whatsoever. To arbitrarily refuse to accord to parties litigant the right to file a jury demand after time therefor has expired, upon good cause shown, is an abuse of the discretion of the court."

This court in the case of Roszell v. Gniadek, 348 Ill. App. 341 said: "Considering Stephens v. Kasten, supra, as raising the identical point involved here we follow the Supreme Court . . . ."

In the present case, the same set of facts as to change of attorneys occurs. The same reason is given by the attorneys for the defendants, inadvertence and mistake.

Our courts have jealously guarded the right of the litigant to trial by jury. In the case of Lyman v. Kaul, 275 Ill. 11, counsel had waived trial by jury, and the court permitted the litigant to ask for and have the waiver set aside. In the case of Osgood v. Skinner, 186 Ill. 491, the court held that a waiver of trial by jury, unless withdrawn, extends to the review of the judgment in the Appellate Court, so as to enable that court to decide the issues of fact and enter final judgment; but if final judgment is not entered and the cause is remanded the waiver is exhausted, and that the Appellate Court could not deprive a party of his right to have issues of fact tried by a jury, upon reinstatement, by directing the entry of a particular judgment; that the waiver of jury only bound the litigant for one trial. And that court also said: "Even

at the term when a waiver is made it is within the discretion of the court to permit a withdrawal of it, and such permission is ordinarily given when the opposite party will not suffer." In the case of Mason v. Continental Distributing Co., Inc., 333 Ill. App. 128, it was held that denial of a jury trial was abuse of discretion where it was shown that the defendant, without checking the record, assumed in good faith that the plaintiff had paid a jury fee as required, and did not discover until the time for filing the answer that such fee had not been paid, at which time the defendant filed a jury demand, paid the fee and moved to transfer the case to a jury.

The plaintiffs cite the case of Reese v. Laymon, 2 Ill.2d 614, which attacked the legality of Section 64 of the Civil Practice Act. That case refers to the right of trial by jury as it existed at common law but it does not hold that a jury trial shall be had in each and every case, nor does it preclude any and all restrictions on the exercise of the right, and that the legislature has power to regulate trials by jury. The Reese v. Laymon case, supra, cites the cases of Stephens v. Kasten and Roszell v. Gniadek, supra, in support of its position. It does not overrule the Stephens v. Kasten case or the Roszell v. Gniadek case, but makes a distinction. After quoting with approval of the law as laid down in those cases, as to the constitutionality of the provisions of Section 64 of the Illinois Practice Act, the court recognizes the law as declared in those cases as good law, under the circumstances shown. In the Reese v. Laymon case, supra, there was a trial before the Circuit Court of Champaign County and neither party demanded a jury. After hearing, the court entered judgment for the defendant. On appeal the Appellate Court reversed and remanded the cause. After the cause was reassigned for trial, defendant moved for a jury trial and this was denied on the

104

ground that it was barred by Section 64 of the Civil Practice Act. There is no claim of mistake, good cause, error, inadvertence or otherwise in that case, as there is in the Stephens v. Kasten case, the Roszell v. Gniadek case, and the instant case.

The case of Schwartz v. Lake View Tool & Manufacturing Co., 4 Ill.App.2d 565, like the Reese v. Laymon case, distinguishes the law laid down in that case from the law in the cases of Stephens v. Kasten and Roszell v. Gniadek.

■ It would appear from a reading of the cases cited by both parties, that if good cause is shown, or there is a showing of inadvertence, or mistake, on the part of the litigant or his attorneys, the trial court should grant the jury trial, provided the rights of the opposite party are not endangered or injured. In view of the cases cited, this court must hold that the trial court in this case erred in denying the motion of the defendants to file jury demands.

The next point urged by the defendants is that the trial court erred in excluding evidence of social security payments to the plaintiffs. None of the authorities cited by the defendants shed much light on the question. The first case cited, Confrey v. Stark, 73 Ill. 187, was decided in 1874. It was a suit by a wife for damages sustained by her by reason of the sale of intoxicating liquors to her husband by a defendant. The suit resulted in a judgment for the wife for $1,000 which was reversed by the Supreme Court, mainly because of erroneous instructions. However, the court in that case said: "The law was not intended as a means of speculation, but as a protection against injury to the wife and children of the drunkard, to preserve the property used by the family from destruction or injury, and to protect the family against immediate or probable want of adequate support; not to enable the affluent, or those well provided for, to sue and recover

105

simply because the husband and father may become intoxicated, and, whilst in that condition, loses time, neglects his business, or becomes injured, or earns less money, or even loses it by neglect of business, and hence is not possessed of as large means as he otherwise would have been." It would seem that the law has changed since that decision, in the light of the other cases cited by the defendants, namely Lester v. Bugni, 316 Ill. App. 19 and Klopp v. Benevolent Protective Order of Elks, 309 Ill. App. 145, where this law as to dram shop cases is laid down: "While statutes, penal in character, are ordinarily to be strictly construed, it has been frequently held that the Dram Shop Act under provisions of which plaintiff's right of action was prosecuted, is remedial in character and should be so construed as to suppress the mischief involved and advance the remedy therein provided." Following this line of reasoning, neither of the other two cases cited by defendants are applicable.

The case of Deel v. Heiligenstein, 244 Ill. 239, was a case in which the deceased had been drinking intoxicating liquors and while intoxicated walked along the railroad track and was killed. One of the questions involved was that the widow had received money upon an insurance policy on her husband's life. The court in passing on this question said: "The fact that a wife may have means of her own or an income from a source other than her husband will not affect her right to recover damages under the Dram-shop act for an injury to her means of support on account of the death of her husband. She still has the right to recover for the loss of the support she was entitled to receive from her husband."

In the case of Whiteside v. O'Connors, 162 Ill. App. 108, the trial court permitted counsel to examine the plaintiff to show that she had received $1,000 under a policy upon the life of her husband. The reviewing court in passing on that matter said: "There was noth-

ing in the direct examination of plaintiff in error to justify any inquiry by defendants in error relative to any life insurance, and such evidence was wholly incompetent and immaterial, and its admission was manifestly prejudicial to plaintiff in error."

In the case of Devine v. City of Chicago, 172 Ill. App. 246, a matter of a pension to the widow was involved. That court said: "It is also urged as error that the court excluded the testimony of Mrs. Josephine Cloonan, widow of the deceased, on the question of how much, if any, pension she had received since the time of her husband's death. In our opinion this testimony was properly excluded. Coots v. Detroit, 75 Mich. 628; Kansas City v. McDonald, 60 Kansas, 481; Illinois Central v. Prickett, 210 Ill. 140."

In the case of McConnell v. Bogaert, 208 Ill. App. 582, the plaintiff was in better financial circumstances after her father's death, than before. In the trial of the cause, the defendants sought to show this, and the court said: "It is strongly urged by the appellants that this evidence was competent and should have been admitted. We regard what was said in Deel v. Heiligenstein, 244 Ill. 239, as decisive on this point, namely, subsequent, advantageous change in the plaintiff's circumstances cannot be given in evidence by defendant in mitigation of damages, and that the same does not diminish the damages."

In the case of Geary v. Metropolitan Street R. Co., 73 App. Div. 441, 77 N. Y. Supp. 54, the court there said: "The duty of the jury, under the statute, was to ascertain the pecuniary loss which the widow and children sustained by the death of the husband and father, and any benefits which they received by way of insurance or pension are not to be offset or deducted."

■ While social security payments are comparatively new and there does not seem to be any cases squarely on that point, actually, social security is in the form of a pension or insurance and the cases cited

107

would seem to be in point. Following the line of reasoning in those cases, this court must hold that the evidence as to social security payments to the plaintiffs was properly excluded.

■ The next point raised is that the damages should be limited to an aggregate of $15,000. This matter was decided in Childers v. Modglin, 2 Ill.App.2d 292, in this language: "Any plaintiff who is injured within the terms of the statute has the right to recover up to, but not exceeding, $15,000, regardless of the existence of other claims, established or establishable, and regardless of the number of defendants sued or suable." We follow this case.

The last point urged by the defendants is that the dram shop law as presently written is unconstitutional. This is a matter for the Supreme Court to decide and we do not express any opinion as to what that court might decide. However, if appellant was serious on this point, this appeal should have been to that court.

This cause is reversed on the grounds that the trial court denied defendants the right to file a jury demand, for good cause shown and remanded with instructions to permit filing of jury demand and for a new trial.

Reversed and remanded.