(No. 4720—)

FRANCES GROCHOWSKI and EDWARD GROCHOWSKI, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 25, 1964.*

Opinion on Rehearing filed June 13, 1967.

PHILIP H. CORBOY, Attorney for Claimants.

WILLIAM G. CLARK, Attorney General; SAMUEL J. DOY and EDWARD A. WARMAN, Assistant Attorneys General, for Respondent.

Dove, J.

This action is a claim by Edward Grochowski and Frances Grochowski against the State of Illinois for injuries and damages incurred by them as a result of a collision with an Illinois National Guard truck, which was operated by a member of the Illinois National Guard.

It appears from the record that, on July 23, 1955, Edward Grochowski and his wife, Frances, residents of Chicago, Illinois, were proceeding in a northerly direction on Route No. 12 near the city of Madison, Wisconsin. Edward Grochowski was the owner and operator of the vehicle. Proceeding in the opposite direction were members of the Illinois National Guard, 33rd Division, 131st Regiment. The convoy was returning from summer maneuvers conducted at Camp Ripley, Minnesota. Gene W. Achterberg and George Hoffman were driving a three-quarter ton truck and a two and one-half ton truck, respectively, in the National Guard convoy, which was en route to Chicago, Illinois. Hoffman was directly behind Achterberg.

At a place near Madison, Wisconsin, while the aforesaid convoy was proceeding in a southerly direction, Achterberg slowed his vehicle for a civilian car ahead. Upon doing so the truck driven by Achterberg was struck from behind by the larger truck driven by Hoffman. This sudden bump from behind caused Achterberg to lose control of his vehicle, and consequently pushed his truck into the left lane. Unfortunately, at this moment the Grochowski vehicle was immediately ahead of the two National Guard trucks in the oncoming lane. As a result of Achterberg's vehicle being pushed into the oncoming lane, a collision occurred between the Grochowski automobile and the National Guard truck driven by

Achterberg. Due to the collision, both Mr. and Mrs. Grochowski received multiple physical injuries, as well as property damage to their automobile. There is ample evidence in the record that shows that Edward Grochowski was proceeding in a safe manner, and that no negligence can be attributed to him.

From the above facts, it can hardly be said that the injuries sustained by the Grochowskis were not directly caused by the two National Guard vehicles driven by Achterberg and Hoffman. It is irrelevant to which of the two National Guard drivers the primary negligence is attributed. This is generally the position taken by respondent, State of Illinois. However, respondent is primarily concerned with the damages, more particularly, the evidence concerning actual damages, and also the justification of the credit against claimants' alleged damages in an amount equal to the sum, which claimants have obtained from other sources.

As far as actual damages are concerned, both Mr. and Mrs. Grochowski were gainfully employed, and they have adequately proved their loss of earnings. The evidence also sufficiently sets out the medical expenses incurred by both claimants.

*Edward Grochowski*

| | |
|---|---:|
| Loss of earnings | $2,400.00 |
| Medical expenses | 114.80 |
| Damages to car | 800.00 |
| Total | $3,314.80 |

*Frances Grochowski*

| | |
|---|---:|
| Loss of earnings | $ 840.00 |
| Medical expenses | 904.85 |
| Total | $1,744.85 |

Respondent's plea for a credit against claimants'

damages in an amount equal to any sums that claimants may have obtained from private sources is without merit. Although it was shown that Edward Grochowski received payments from the Upholsterers' Union for a period of ten weeks, this should in no way affect the damages recoverable by him. Such payments should be considered as analogous to insurance proceeds, which have been held to be irrelevant to the consideration of damages. *Hudson* vs. *Leverenz*, 9 Ill. App. 2d 96, 107 (1956).

It is the conclusion of this Court that Edward Grochowski sustained injuries of some permanence, but which have not disabled him from pursuing his usual occupation. Including loss of earnings, medical care, and damage to vehicle, we believe that an amount of $3,314.80 is a fair award.

We, therefore, allow the claim presented in this case in the following amounts:

```
To claimant, Edward Grochowski ................ $3,314.80
To claimant, Frances Grochowski ............... $1,744.85
```

### Opinion on Rehearing

This action is a claim by Edward Grochowski and Frances Grochowski against the State of Illinois for injuries and damages incurred by them as a result of a collision with an Illinois National Guard truck, which was operated by a member of the Illinois National Guard.

It appears from the record that, on July 23, 1955, Edward Grochowski and his wife, Frances, residents of Chicago, Illinois, were proceeding in a northerly direction on Route No. 12, near the City of Madison, Wisconsin. Edward Grochowski was the owner and operator of the vehicle. Proceeding in the opposite direction were members of the Illinois National Guard, 33rd Di-

vision, 131st Regiment. The convoy was returning from summer maneuvers conducted at Camp Ripley, Minnesota. Gene W. Achterberg and George Hoffman were driving, respectively, a three-quarter ton truck and a two and one-half ton truck in the National Guard convoy, which was en route to Chicago, Illinois. Hoffman was directly behind Achterberg.

At a place near Madison, Wisconsin, while the convoy was proceeding in a southerly direction, Achterberg slowed his vehicle for a civilian car ahead. Upon doing so the truck driven by Achterberg was struck from behind by the larger truck driven by Hoffman. This sudden bump from behind caused Achterberg to lose control of his vehicle, and pushed his truck into the left traffic lane. Unfortunately at this moment the Grochowski vehicle was immediately ahead of the two National Guard trucks in the oncoming lane. As a result of Achterberg's vehicle being pushed into the oncoming lane, a collision occurred between the Grochowski automobile and the National Guard truck driven by Achterberg. Due to the collision, both Mr. and Mrs. Grochowski received multiple physical injuries, as well as property damage to their automobile. There is ample evidence in the record, which shows that Edward Grochowski was proceeding in a safe manner, and that no negligence can be attributed to him.

From the above facts, it appears that the injuries sustained by the Grochowskis were directly caused by the two National Guard vehicles driven by Achterberg and Hoffman.

As far as actual damages are concerned, both Mr. and Mrs. Grochowski were gainfully employed, and they have adequately proved their loss of earnings. The evi-

dence also sufficiently sets out the medical expenses incurred by both claimants:

*Edward Grochowski*

| | |
|---|---|
| Loss of earnings | $2,400.00 |
| Medical expenses | 114.80 |
| Damages to car | 800.00 |
| Total | $3,314.80 |

*Frances Grochowski*

| | |
|---|---|
| Loss of earnings | $ 840.00 |
| Medical expenses | 904.85 |
| Total | $1,744.85 |

Respondent's plea for a credit against claimants' damages in an amount equal to any sums that claimants may have obtained from private sources is without merit. Although it was shown that Edward Grochowski received payments from the Upholsterers' Union for a period of ten weeks, this should in no way affect the damages recoverable by him. Such payments should be considered as analogous to insurance proceeds, which have been held to be irrelevant to the consideration of damages. *Hudson* vs. *Leverenz,* 9 Ill. App. 2d 96, 107 (1956).

Direct unrefuted testimony establishes that Frances Grochowski sustained the following injuries: lacerations inside her mouth, above the left eye, on the face and nose, and through the eyebrow. Some of these scars were four inches in length, and have left deep cosmetic scarring. She also sustained a wrenched right wrist, a bruised right knee, and multiple contusions. The evidence further discloses that Edward Grochowski suffered the following injuries: multiple bruises about the face and lower extremities, particularly the right knee and right arm, and that he was unable to pick up his arm higher than his head.

It is the opinion of this Court that claimants are entitled to awards in the following amounts:

To claimant, Edward Grochowski, the sum of $5,314.80
To claimant, Frances Grochowski, the sum of $3,744.85

It is, therefore, ordered that the claim of claimants in the above amounts, be allowed.