DORA DEEL, Appellee, vs. GUS HEILIGENSTEIN, Appellant.

*Opinion filed February 16, 1910—Rehearing denied April 6, 1910.*

1. DRAM-SHOPS—*facts in dram-shop case are settled by verdict of jury.* If the evidence tends to show that plaintiff's intestate was intoxicated at the time he met his death and that the liquor sold to him by the defendant contributed to his intoxication, the finding of the jury on such questions, when approved by the judgment of the trial court and of the Appellate Court, is conclusive.

2. SAME—*sale of liquor by defendant's agent is a sale by defendant.* An instruction stating that a sale of intoxicating liquor by the defendant is shown by proof that the same was made by the defendant himself or his agent or agents is properly given, where some witnesses testified that they saw the plaintiff's husband served with liquor at the defendant's saloon, but could not tell whether the defendant or his bar-keepers, all of whom were behind the bar at the time, made the sale.

3. SAME—*right of widow to recover for loss of support though she has means of her own.* The facts that the widow has means of her own and that an insurance policy on the life of her husband was in force at his death do not affect her right to recover damages, under the Dram-shop act, for an injury to her means of support on account of the death of her husband.

4. TRIAL—*improper acts of parties litigant in open court must be shown by bill of exceptions.* Alleged improper actions in open court on the part of parties litigant must be objected to and made to appear in the bill of exceptions, otherwise such actions cannot be reviewed by the Supreme Court.

5. SAME—*improper remarks by counsel—when not ground for reversal.* Improper remarks by the plaintiff's counsel in a damage suit which are calculated to arouse the sympathy of the jury for the plaintiff will not ordinarily be ground for reversal, if the defendant's liability is clearly established and the amount of the verdict is not large or excessive under the circumstances.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Effingham county; the Hon. S. L. DWIGHT, Judge, presiding.

WOOD BROS. & RICKELMAN, RUFUS M. POTTS, and ALFRED ADAMS, for appellant.

WRIGHT BROS., (T. H. RIGHTER, and S. F. GILMORE, of counsel,) for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the Fourth District affirming a judgment for $1000 rendered by the circuit court of Effingham county against the appellant, and is brought to this court upon a certificate of importance.

William J. Deel, the husband of appellee, on July 4, 1906, was living with his wife at the home of her father. On that date Deel, in company with his wife's father, attended a celebration at Shumway, a town situated about nine miles from their home. There were two saloons at Shumway,—one owned by appellant and the other by one Steineman. Deel frequented these two saloons from the time he arrived in Shumway until he left for home in company with a neighbor about midnight, drinking both whisky and beer at Steineman's and a few glasses of beer at Heiligenstein's. The evidence, while contradictory, sustains the charge that he became intoxicated and was drunk when he was killed. When within less than a mile of his home, and at a railroad crossing, Deel alighted from the conveyance of the neighbor with whom he was riding and proceeded to walk along the railroad track, which was the nearest route from that point to his home. While upon the railroad right of way, and alone, he was struck by a passing train and killed.

It is claimed by appellant that the proof shows that Deel was not intoxicated at the time of his death and that the verdict was not sustained by the evidence, and he assigns as error the refusal of the court to give a peremptory instruction to the jury, at the close of plaintiff's case and again at the close of the whole case, directing them to find for the defendant. The evidence strongly tends to show that the deceased was intoxicated at the time of his

death and that the intoxication was caused wholly by the liquors he drank that day at Shumway, but it is not so conclusively shown that he procured from appellant sufficient intoxicating liquor to appreciably contribute to his condition. There was evidence fairly tending to prove this phase of appellee's case, however, and the trial court properly refused to give the peremptory instructions asked. The finding of the jury upon the controverted questions of fact, when approved by the trial and Appellate Courts, is conclusive upon this court and cannot be reviewed here. *Birdsell Manf. Co.* v. *Oglevee,* 187 Ill. 149; *Stecher* v. *People,* 217 id. 348.

The giving of certain instructions on the part of appellee is complained of. In a number of appellee's instructions the jury were informed that a sale of intoxicating liquor by appellant was shown by proof that the same was sold either by himself or his agent or agents, and appellant contends the giving of these instructions was error, for the reason that there was no proof of any sales by an agent or agents. Appellant, assisted by two bar-keepers, waited upon his customers on the day in question. Some of the witnesses testified that they saw the deceased served with beer in appellant's saloon, but they could not tell which of the three men behind the bar made the sale. Under this state of the record these instructions were properly given.

The instruction given on behalf of the appellee which is particularly complained of, stated that this was a suit brought by plaintiff for damages to her means of support, and that the fact that she had received money upon a policy of insurance on her husband's life was not to be considered, but if the jury found she had been deprived of her means of support she might recover, without reference to what money or property she had of her own,—whether derived from insurance policies or from any other source. This instruction contained a correct statement of the law. It was proven that the deceased earned from $80 to $100

per month as a railway switchman and that he gave his earnings each month to his wife; that he supported her and kept her in comfortable circumstances. He was under a legal obligation to support his wife, and this obligation was not limited to supplying the bare necessaries of life, but included supplying such comforts as were suitable to his condition in life. The fact that a wife may have means of her own or an income from a source other than her husband will not affect her right to recover damages under the Dram-shop act for an injury to her means of support on account of the death of her husband. She still has the right to recover for the loss of the support she was entitled to receive from her husband. (*Hackett* v. *Smelsley,* 77 Ill. 109; *McMahon* v. *Sankey,* 133 id. 636.) Though the deceased, at the time of his death, had in force a policy of insurance on his life payable to his wife, that fact would in nowise affect her right to recover for the injury to her means of support occasioned by reason of his death.

Appellant filed an affidavit in support of his motion for a new trial in which it was alleged that appellee brought her infant son into the court room and kept him there during the trial, and charged her with various improper acts, during the progress of the trial, in the presence of the jury. This affidavit is relied on here as disclosing a state of facts which warrants a reversal. This court can only review the acts of parties litigant in open court when the same are properly preserved by bill of exceptions. (*Peyton* v. *Village of Morgan Park,* 172 Ill. 102.) No objection was made to the court as to the acts set out in the affidavit and none of the acts complained of are recited or referred to in the bill of exceptions, hence this question is not properly presented for our consideration.

In his closing argument to the jury, counsel for appellee made the following statement: "I do not claim any credit for representing here the cause of a weak woman or of an infant child; that is simply my duty." To this

appellant objected, and the court remarked: "Yes, the plaintiff is the woman, the wife, the widow; the child is not in controversy here now." Thereupon counsel for appellee acquiesced in the ruling of the court and informed the jury that he only represented the woman. This conduct of counsel is complained of, and it is insisted that it was so prejudicial to the rights of appellant that the judgment should be reversed. The language used was highly improper, and was only calculated to arouse the passions and prejudices of the jury. The conduct of counsel in thus overstepping the bounds of propriety and violating the well defined rules of procedure cannot be too severely condemned. The only effect, however, of such a statement upon the jury would be to influence them in arriving at the amount of the damages to be awarded by their verdict. Considering the ruling of the court and the immediate withdrawal of the improper portion of the remark by counsel, together with the amount of damages awarded, it can not be fairly said that the jury were influenced by this statement. Generally, in civil cases, it is only when the amount of the verdict of the jury is large or clearly excessive that such remarks of counsel will require a reversal. In this case, the liability of appellant having been established, the amount of the verdict was very reasonable, and we do not think the judgment should be reversed on this ground.

Other grounds for reversal are urged, but we do not deem them of sufficient importance to require a further discussion.

We find no error in the record which warrants a reversal, and the judgment of the Appellate Court will therefore be affirmed.     *Judgment affirmed.*