(No. 11596.—Judgment affirmed.)

HARRIET GILMORE, Appellee, *vs.* SYLVESTER KILLION *et al.* Appellants.

*Opinion filed December 19, 1917.*

1. DRAM-SHOPS—*party suing under section 9 of Dram-shop act need not show legal right to support.* Under section 9 of the Dram-shop act, giving to any party injured in means of support by an intoxicated person a right of action against the party who caused the intoxication, the party bringing the action is not required to show a legal right to such support.

2. SAME—*a mother may recover for injury to means of support through death of adult son.* Under section 9 of the Dram-shop act a mother is entitled to recover for injury to her means of support through the killing of her adult son by an intoxicated person, where the evidence shows the son contributed to her support and that her other means of support were insufficient; and it is not necessary that she prove herself to be a resident of Illinois or a pauper.

3. SAME—*when alleged error in giving instruction authorizing exemplary damages is harmless.* Alleged error in giving an in-

struction authorizing exemplary damages in an action under section 9 of the Dram-shop act without giving the jury any guide or rule for fixing the same is harmless, where the amount of the verdict is small and clearly within the evidence as to the actual damages sustained.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Marion county; the Hon. THOMAS M. JETT, Judge, presiding.

W. H. NELMS, FRANK P. DRENNAN, and NOLEMAN & SMITH, for appellants.

ULYSSES S. SCHWARTZ, and CHARLES F. DEW, for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This was an action under section 9 of the Dram-shop act, to recover damages alleged to have been sustained by appellee in her means of support in consequence of appellants giving or selling intoxicating liquor to Charles Debow, who, while intoxicated, shot and killed her son, Mannie Gilmore. On the trial in the circuit court of Marion county the jury returned a verdict of $660 in favor of appellee and judgment was entered thereon. On appeal to the Appellate Court the judgment of the circuit court was affirmed and a certificate of importance granted by that court. This appeal followed.

At the close of the evidence the trial court instructed the jury to find all the defendants not guilty except the five appellants herein.

The evidence shows that appellee resides in the State of Mississippi, near the town of Summit, and is the owner of seventy-eight acres of land, which she testified was not sufficient to support herself and husband, the latter being unable to work on account of ill-health. At the time of his

death Mannie Gilmore was about twenty-six years of age, and the evidence shows that he had been sending money to his mother quite regularly for some time in amounts from $5 up,—once as much as $40. Mrs. Gilmore testified that what she could earn was insufficient for her support, and the remittances from this son and another son were used to buy the necessaries of life. At the time of his death Gilmore was working in the railroad car shops at Centralia, Illinois. On March 23, 1915, about three o'clock P. M., while seated with two companions in Killion's saloon, in that city, he was shot and killed without provocation by Debow, who was duly convicted of the crime and sentenced to the Southern Illinois State penitentiary. The evidence tends to show that up to the time of the killing Debow was but slightly acquainted with Gilmore, if at all, and that the murderous assault was entirely unprovoked. The evidence also tends to show that on the day of the killing Debow had taken numerous drinks of whisky, some or all of which had been purchased at the respective dram-shops kept by appellants, and he testified that the last he remembered that day was the fact of his going to the rear of a restaurant and "throwing up," some hours before the shooting.

There is some contention on the part of appellants that the evidence was not sufficient to justify the verdict that Debow was intoxicated at the time of the shooting; and further, that the evidence does not justify finding that, even if intoxicated, he had obtained the liquor from appellants. There was evidence fairly tending to prove both of these facts, and the finding of the jury upon any controverted questions of fact such as these, when approved by the trial and Appellate Courts, is conclusive upon this court and can not be questioned here. *Deel* v. *Heiligenstein,* 244 Ill. 239.

Counsel for appellants earnestly insist that in order for appellee to recover, her son being an adult, it was incumbent upon her to prove by a preponderance of the evidence that she was a resident of Illinois and to bring herself within the.

provisions of the Pauper act of this State, and that she must also show she had a legal right to be supported by her son; that the fact that he made voluntary contributions for her support would not be sufficient to entitle her to a recovery under the statute. Section 9 of the Dram-shop act, on which this verdict is founded, provides: "Every husband, wife, child, parent, guardian, employer or other person, who shall be injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving intoxicating liquors, have caused the intoxication, in whole or in part, of such person or persons," etc. (Hurd's Stat. 1916, p. 1083.) There is nothing in the wording of this statute that justifies the argument of counsel on any of these points. Under the reasoning of this court in *Danley v. Hibbard,* 222 Ill. 88, and *Nagle v. Keller,* 237 id. 431, it must be held that these arguments of counsel are without force; and the further argument of counsel, in this connection, as to the mother's means of support by her husband or from the farm she owned in Mississippi, cannot be sustained in view of the holdings of this court on a somewhat similar state of facts in *Deel v. Heiligenstein, supra.*

Appellants insist that the trial court erred in refusing to give the peremptory instructions offered at the close of appellee's evidence and also at the close of all the evidence in the case; that these instructions should have been given because deceased was an adult and appellee was not a pauper, because the son had no property of any kind or description, and because the evidence was insufficient to warrant the jury in finding that Debow was intoxicated at the time of the shooting and that the shooting was done by reason of the intoxication. What has been already said on these questions shows that the court was right in refusing these peremptory instructions.

Counsel for appellants further insist that the court erred in giving instruction No. 1 on behalf of appellee. This instruction was in substantially the same language as the first part of section 9 of the Dram-shop act, ending with the words, "for all damages sustained and for exemplary damages." The objection is that this instruction authorized the awarding of exemplary damages without giving to the jury any rule or guide for fixing such damages. Conceding, for the purpose of this case, that this instruction was erroneously given, the sum allowed by the jury was so small and so clearly within the actual damages' sustained by appellee, as shown by the evidence, that it seems quite obvious that exemplary damages were not allowed, and therefore, under the reasoning of this court in *Davenport & Cox* v. *Ryan,* 81 Ill. 218, the instruction, if erroneous, did no harm.

Instruction No. 3 given for appellee is also criticised because it does not require the jury to base their verdict exclusively on a preponderance of the evidence. It does, however, require a verdict on the evidence, and other given instructions clearly required the findings to be based upon a preponderance of the evidence. It is not necessary that this requirement should be inserted in every instruction.

The series of instructions given, in our judgment, fairly, reasonably and accurately covered all the law applicable to the facts of this case. We do not think any reversible error was committed in the giving or refusal of instructions.

In view of our conclusions as to the right of appellee to recover for the death of her son on the facts found in this record, we cannot see how the trial court's rulings on the questions pertaining to appellee's means of support and the income from her farm could have in any way injured appellants on the trial of this cause.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*