Donald **AFFLECK**, Plaintiff-Appellee,

v.

**CHICAGO AND NORTH WESTERN RAILWAY COMPANY**, Defendant-Appellant.

No. 12121.

United States Court of Appeals Seventh Circuit.

Feb. 14, 1958.

On Rehearing April 11, 1958.

Rehearing Denied April 9, 1958.

Schnackenberg, J., dissented.

John H. Gobel, Edward Warden, Chicago, Ill., for defendant-appellant.

Ralph Jonas, Burton Y. Weitzenfeld, and Edward J. Griffin, Chicago, Ill., for plaintiff-appellee.

Before DUFFY, Chief Judge, and SCHNACKENBERG and HASTINGS, Circuit Judges.

HASTINGS, Circuit Judge.

This was an action brought by plaintiff, Donald Affleck (appellee), a delivery clerk for defendant, Chicago and North Western Railway Company (appellant), for personal injuries suffered on December 4, 1955 during the course of his employment. Plaintiff claimed these injuries proximately resulted from the alleged negligence of the defendant, and based his action upon the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60. The jury returned a verdict of $10,000 in favor of plaintiff, and from a judgment entered thereon, defendant appeals.

The errors relied upon arise out of alleged prejudicial remarks by plaintiff's counsel in the opening statement and in the final argument, errors in certain instructions given by the court and the failure of the trial court to grant defendant's motion for a new trial.

At the outset it should be noted that defendant rested its case without the introduction of any evidence as to the accident itself, and concedes that the sufficiency of the evidence is not in issue.

The first error claimed arises out of a remark of plaintiff's counsel in his opening statement to the jury as shown by the following extract from the record:

"Mr. Weitzenfeld: * * *

"The plaintiff is Donald Affleck. He is 41. He was 41 years of age on December 4, 1955; married, has five youngsters—

"Mr. Gobel: I am going to object, if your Honor please, and ask that be stricken and that the jury be asked to disregard it.

"The Court: Well, the question of family, number of children, is all immaterial, and the jury will not regard that aspect of the case.

"Mr. Gobel: I ask that a juror be withdrawn and a mistrial declared.

"The Court: Overruled. The jurors understand that the question of family relationship has nothing to do with the issues in the case."

Defendant further complains of certain remarks of plaintiff's counsel in his final argument to the jury wherein counsel stated:

"I don't think there is any one in this courtroom who would have wanted to go through what he went through, or go through what he is doing."

Also, further remarks concerning condition of plaintiff's injured eye, and the effect of his being back to work for defendant. As to each of these remarks alleged to be prejudicial the court sustained an objection by defendant and instructed the jurors to disregard the same. When read in context with statements by defendant's counsel and his argument, there is some justification for considering part of them as being fair comment in reply.

We have considered the complaints of the defendant relating to the remarks of plaintiff's counsel both in his opening statement and in his final argument, and while some of the language complained of may be subject to criticism, in our opinion the action of the trial court in promptly sustaining the objections and admonishing the jury to disregard the remarks, left it to the sound discretion of the trial court to determine whether or not any improper effect might have resulted requiring a mistrial. We cannot say that the trial court erred in ruling in each instance that there was no harmful prejudice to the defendant. Travelers Fire Ins. Co. v. Ranney-Davis Mercantile Co., 10 Cir., 1949, 173 F.2d 844, 851; Twachtman v. Connelly, 6 Cir., 1939, 106 F.2d 501, 509; Parrucci v. Kruse, 1956, 12 Ill.App.2d 30, 138 N.E.2d 91; Allington v. City of Freeport, 1954, 3 Ill.App. 2d 208, 121 N.E.2d 4. Likewise, it does not appear from the amount of damages awarded plaintiff by the jury that its verdict was influenced by such statements or was the result of passion or prejudice. Deel v. Heiligenstein, 1910, 244 Ill. 239, 243, 91 N.E. 429, 431; Collins v. Sanitary District, 1915, 270 Ill. 108, 116, 110 N.E. 318, 321.

If it could be said that the prejudice arising from any of such remarks was not removed from the minds of the

jurors by the action of the trial court, any error in not declaring a mistrial is held to be harmless and must be disregarded where it "does not affect the substantial rights of the parties." Rule 61, Federal Rules of Civil Procedure, 28 U. S.C.A. The trial judge was in a better position than we are to determine whether there was any apparent prejudice engendered against the defendant. Maryland Casualty Co. v. Kelly, 4 Cir., 1930, 45 F.2d 788, 790; Eizermen v. Behn, 1956, 9 Ill.App.2d 263, 132 N.E.2d 788.

■ Defendant strongly urges that the court committed reversible error in giving instruction number 9, requested by plaintiff, which reads as follows:

"The court instructs the jury that it was the duty of the defendant to furnish plaintiff with reasonably safe appliances and equipment with which to work. If you find from a preponderance or greater weight of the evidence and under the instructions of the court that the 's' hook on the end of the chain attached to the salamander in question was not reasonably safe or if you find from the evidence and under the instructions of the court that plaintiff's fellow employees were negligent in the moving or handling of said salamander and that as a direct and proximate result of the furnishing of a salamander equipped with a hook that was not reasonably safe, if you find that it was not reasonably safe, or the negligent handling or moving of said salamander, if you find that it was negligently handled or moved, plaintiff was injured, then you should find the defendant guilty."

Defendant insists that this is not a correct statement of the law for the reason that defendant's duty is only to *"use reasonable care* to furnish reasonably safe appliances," and that the instruction is fatally defective in its omission of the words "use reasonable care."

It should be noted, however, that the court gave instruction J, tendered by defendant, which reads as follows:

"You are instructed that not every occurrence which results in injuries to an employee of a railroad company renders it liable. *If the occurrence is not caused in whole or in part by* any negligence on the part of the agents or employees of the railroad, or *negligence in furnishing appliance and equipment,* then no liability is incurred, even though the employee is injured while at work and on the premises of the railroad company." (Our emphasis.)

The court also gave a standard instruction defining negligence.

■ Defendant relies for reversal on the case of Anderson v. Elgin, Joliet & Eastern Railway Co., 7 Cir., 1955, 227 F. 2d 91, 97, 98 wherein this court reversed a judgment for plaintiff in a Federal Employers' Liability Act case. In that case, however, the opinion recognizes the rule that the court's charge must be considered as a whole and that it must be determined whether or not the error contained in the instruction was prejudicial and affected the result, and further that this contention might be accepted in a case where the proof of negligence was strong, and particularly in a case where it was overwhelming. The Anderson case turned on the point that there was no such proof of negligence shown and that the "most that can be said is that the proof was sufficient, as we have held, to justify a submission of the issue to the jury." In that case defendant strongly argued that the proof was insufficient to take the case to the jury on the issue of defendant's negligence and the court gave careful attention to this in its opinion. In the instant case, however, the evidence of plaintiff on the issue of negligence is undisputed and defendant concedes that there is no question as to its sufficiency to take the case to the jury on that proposition. Under the rule laid down in the Anderson case we are, therefore, called upon to determine whether or not the proof of negligence here was *more than sufficient* to justify a submission of the issue to the jury. We have carefully reviewed the entire transcript

of the evidence and find that it is strongly in favor of the plaintiff on this issue and is more than sufficient to take the case to the jury. Furthermore, we think that plaintiff's duty, as defined in instruction J and read in conjunction with the instruction complained of, together with all of the instructions given to the jury, cured any error in instruction number 9 and did not prejudice the result herein. The error, therefore, if any, was harmless.

Defendant further complains of the giving of instructions numbered 8, 2, 10 and 6. We have examined each of these instructions and hold that when they are read and considered with the other instructions given by the trial court that they do not tend to mislead or confuse the jury and in no way prejudice the outcome of this case. See Howard v. Gulf, Mobile & Ohio R. Co., 1957, 13 Ill.App.2d 482, 142 N.E.2d 825, and cases cited therein.

Defendant finally complains that the amount of the verdict is "grossly excessive and monstrous" when considered in the light of the injuries and damages suffered. Our review of the record leads us to a contrary conclusion. The plaintiff sustained recoverable expenses of more than $1,400. He had his left eyelid almost completely torn off requiring delicate surgery to join the severed muscles of the torn lid, partially restoring its function. One tear duct was completely destroyed resulting in excessive "tearing" in cold weather. His left eyelid droops, lessening plaintiff's vision in one direction. Plaintiff was hospitalized for six days, was incapacitated for about five weeks, and suffered and still suffers neuralgic pains. The drooping of the eyelid with its resulting impairment of vision, and loss of the one tear duct will be permanent. We cannot say that the award in this case was in any sense excessive and monstrous.

We hold that this case was fairly tried and that the trial court did not commit reversible error. The judgment is

Affirmed.

SCHNACKENBERG, Circuit Judge (dissenting).

The Federal Employers' Liability Act has placed a heavy liability upon railroads in suits for personal injuries brought by employees. However, I do not feel that that act, as construed by the United States Supreme Court, is meant to deprive a railroad defendant of a fair trial. The record before us in this case affirmatively shows that defendant did not receive such a trial.

With obvious deliberation, plaintiff's attorney at the outset of the case told the jury in his opening statement that "the plaintiff is * * * married, has five youngsters * * *". That was a blatant appeal to the jurors for sympathy for the plaintiff and the plaintiff's attorney was probably not surprised when an objection was made and sustained, followed by a motion for a mistrial. He may have been surprised that a mistrial was denied. The seed which he intended to ripen into sympathy for his client was planted and nothing which the court thereafter said could uproot the seed which was planted with calculation.

The prejudice created in favor of plaintiff was not lessened by the court's instruction to the jurors to disregard it. As Justice Jackson said in Krulewitch v. United States, 336 U.S. 440, 453, 69 S.Ct. 716, 723, 93 L.Ed. 790:

"* * * The naive assumption that prejudicial effects can be overcome by instructions to the jury, cf. Blumenthal v. United States, 332 U.S. 539, 559, 68 S.Ct. 248, 257, [92 L.Ed. 154], all practicing lawyers know to be unmitigated fiction."

It is similar to the situation which Justice Frankfurter was considering in Delli Paoli v. United States, 352 U.S. 232, 247, 77 S.Ct. 294, 302, 1 L.Ed.2d 278, where he said:

"* * * The fact of the matter is that too often such admonition against misuse is intrinsically ineffective in that the effect of such a nonadmissible declaration cannot be wiped from the brains of the jurors.

The admonition therefore becomes a futile collocation of words and fails of its purpose as a legal protection to defendants against whom such a declaration should not tell. * * * "

He referred to Judge Learned Hand's comment:[1]

" * * * the recommendation to the jury of a mental gymnastic which is beyond, not only their powers, but anybody else's."

Moreover, the court, to whom the jurors rightfully looked for a statement of the guiding principles of law, said in instruction 9, requested by plaintiff, that "it was the duty of defendant to furnish plaintiff with reasonably safe appliances and equipment with which to work." This is not the law and the majority opinion implicitly concedes that the instruction was in error in omitting the words "to 'use reasonable care' " before the words "to furnish". No one contends that the instruction was correct with these words omitted. It is doubly important that this instruction should have been correct as a matter of law, because it concludes with a direction to "find the defendant guilty." It was not a mere cautionary instruction.

Not only does this instruction not require plaintiff to prove negligence on the part of the defendant in the furnishing of reasonably safe appliances and equipment, but in the second sentence it aggravates the effect of the omission by stating that, if the jury should find from the evidence and under instructions of the court "that plaintiff's fellow employees *were negligent* in the moving or handling of said salamander * * *, then you should find the defendant guilty" (emphasis supplied). In other words the instruction indicated the necessity of proving negligence in the latter situation but erroneously omitted such requirement in the furnishing of appliances and equipment.

To overcome the error committed by the giving of this instruction, the majority opinion calls attention to instruction J which reads

"You are instructed that not every occurrence which results in injuries to an employee of a railroad company renders it liable. If the occurrence is not caused in whole or in part by any negligence on the part of the agents or employees of the railroad, or negligence in furnishing appliances and equipment, then no liability is incurred, even though the employee is injured while at work and on the premises of the railroad company."

It is true that J refers to negligence on the part of agents or employees of the railroad, which was, roughly speaking, referred to in instruction 9 by the words "plaintiff's fellow employees". It is also true that J referred to "negligence in furnishing appliance and equipment", but at no place in the instructions was the pronouncement in 9 that it was "the duty of the defendant to furnish plaintiff with reasonably safe appliances and equipment" limited to the exercise of due care in the performance of that duty. Hence it could be only a matter of conjecture as to what the oblique reference to "negligence in furnishing appliances and equipment" in J meant. In stating the very simple principles of law which applied to this case, the trial court submitted *twenty-seven* instructions, and the two instructions above referred to appear in widely separated parts of the series. The most that can be said of the alleged curative instruction 9 is that it confused the jury. It did not direct a verdict of not guilty to offset instruction J which directed a guilty verdict. A jury which is confused as to the law by conflicting instructions is not equipped to give a fair trial to either party.

I would reverse and remand for a new trial.

### On Appellant's Petition for Rehearing.

I adhere to the views expressed in my dissenting opinion. However, a majori-

1. Nash v. United States, 2 Cir., 54 F.2d 1006, 1007.

ty of the court has voted to deny the petition for rehearing. From my examination of that petition, I conclude that the following rule, stated in 5 C.J.S. Appeal & Error § 1411, p. 540, is applicable thereto:

"If no omissions or new authorities or points of law or fact are shown, the appellate court will seldom permit a rehearing simply for the purpose of obtaining a reargument on, and a reconsideration of, points, authorities, and matters which have already been fully considered by the court, on the assertion of counsel that, notwithstanding the court fully considered everything wished to be urged on the rehearing, it reached the wrong conclusion. * * *"

For that reason I believe that no good would be served in granting a rehearing and I vote against it.

Allen, Circuit Judge, dissented.