**Howard DELANEY, Plaintiff-Appellant,**

**v.**

**INTERNATIONAL HARVESTER COMPANY, Defendant-Appellee.**

**No. 12302.**

United States Court of Appeals
Seventh Circuit.

Nov. 18, 1958.

Anna R. Lavin, Kenneth S. Nathan, Melvin L. Klafter, Chicago, Ill., for appellant.

Philip W. Tone, Albert E. Jenner, Jr., Chicago, Ill., for appellee. Thompson, Raymond, Mayer, Jenner & Bloomstein, Chicago, Ill., of counsel.

Before DUFFY, Chief Judge, and HASTINGS and KNOCH, Circuit Judges.

HASTINGS, Circuit Judge.

This action was brought to recover damages for the breach of an alleged contract under which plaintiff, Howard Delaney (appellant), was to become a dealer for defendant, International Harvester Company (appellee). There was trial by jury on the issue of liability, the issue of damages having been separated, and the controlling question was whether the parties had entered into a

contract. To decide this issue, the jury was called upon to determine whether defendant's district manager signed the printed contract forms.[1] By stipulation, instead of returning a general verdict, the jury was asked to answer the following two special interrogatories:

No. I. "Did Vincent J. Lager [defendant's district manager] sign the written contract which had been signed by Howard Delaney and Roy Axland?" The jury answered, "No."

No. II. "On or about what date did Vincent J. Lager notify Howard Delaney that he could not have the International Harvester dealership in Manhattan, Illinois?" The jury answered, "About October, 12, 1948."

Judgment for defendant was entered by the district court on the answers of the jury to the foregoing interrogatories, from which judgment this appeal is taken. Plaintiff claims error arising out of the trial court's rulings on evidence, its failure to admonish the jury to disregard the answers to certain questions and its refusal to grant his motion for a new trial. The weight of the evidence is not questioned, the contested issues being purely procedural.

The following factual background is helpful to an understanding of the basic issues presented. Plaintiff, a farmer, and Lager, defendant's district manager for northern Illinois, had several conversations beginning in the summer of 1947 about the possibility of plaintiff becoming an International Harvester dealer. In the spring of 1948 these talks culminated in an understanding that plaintiff would become the dealer in Manhattan, Illinois, upon the expiration of the contract of the current dealer there on October 31, 1948, and its subsequent cancellation. In preparation for the dealership, plaintiff contracted to purchase a business building in Manhattan on April 28, 1948, to be remodeled to suit his needs. On June 14, 1948, Lager wrote to defendant's dealer in Manhattan canceling its contract effective October 31, 1948. About this time defendant mailed similar letters of contract cancellation to all of its dealers, and to those it expected to retain there was added a provision that a company representative would call to negotiate a new renewal dealership contract.

In September, 1948, following further conversations with plaintiff, Lager sent defendant's agent, Roy Axland, to plaintiff with the contract forms which were then signed by plaintiff and his wife and by Axland, at which time Axland told plaintiff that Lager would have to sign the contracts before they would be binding and that under company rules the contracts would then be mailed back to plaintiff. Axland testified he returned the contracts to Lager's office, put them on his desk and did not see them again. Lager testified he found the contracts on his desk, put them in his incoming file and left them unsigned. After he learned the existing dealership was not to be canceled, he said he put the forms in his outgoing file and presumed they were subsequently filed. He stated he never saw these forms again and that he did not sign them. (Defendant's file clerk testified that she had never seen the contract forms; and, at the trial, defendant was unable to produce them for evidentiary purposes). Lager further testified that about October 1, 1948, he received instructions from his superior that the existing dealership would not be canceled, and that a few days later he called plaintiff and informed him he had been overruled and that they could not go ahead with the proposed contract. Plaintiff testified, however, that about two weeks after he signed the contracts with Axland, he asked Lager where the contracts were, that Lager told him he had approved and signed them and that they would be mailed to him at a later date.

---

[1]. The printed contract forms provided: "This agreement shall not be binding upon the Company until approved in writing thereon by its District Manager or Assistant District Manager, and when so approved shall be effective from the date inserted in the heading of this agreement as the effective date."

Plaintiff also testified that later Lager told him he had approved the contracts and signed them but was stopped from proceeding further because the old dealer was reinstated. Lager denied he told plaintiff that he had signed the contract forms.

Credit approval endorsed on the contract form was a prerequisite to contract approval under company policy, and Lager testified he knew there was no credit approval in the space on the contract provided for that purpose. There was much contradictory and irreconcilable testimony with reference to whether plaintiff's credit was ever under inquiry or approved. Over plaintiff's objection, the contract forms signed by plaintiff not being available, the court permitted defendant to show its customary practice and procedure with reference to its credit approval of a prospective dealer and that this was a prerequisite to final contract approval. Plaintiff claims the admission of this evidence, both oral and documentary, was prejudicial to him and reversible error.

Plaintiff also claims prejudicial error in the rejection by the trial court of proffered testimony by plaintiff and another witness to the effect that about February, 1956, Lager stated to them in Madison, Wisconsin, where he was then serving as defendant's district manager, that he had signed and approved the contracts in controversy. This conversation between Lager and the witnesses purportedly took place more than seven years after the event. However, on rebuttal, after Lager had denied execution of the contracts or ever stating he had signed them, Koerner, the witness who accompanied plaintiff in 1956 to interview Lager, was permitted, for purposes of impeachment, to testify that, in this conversation, Lager stated he had signed the contracts and placed them in an envelope to be mailed and had been stopped by his superior.

The final error claimed arises out of the refusal of the court, upon plaintiff's motion, to admonish the jury to disregard certain questions asked of two of plaintiff's witnesses on cross-examination.

Each party asserts favorable rules of evidence and supporting authorities to sustain or oppose the claims of error herein set out. We have carefully considered these propositions but do not find it necessary to pass upon them. We are convinced the trial court did not err in these instances but, assuming *arguendo* that there was error in one or more of these three situations, it was without resulting prejudice to plaintiff. We find nothing here to warrant a reversal.

■ On consideration of the record as a whole, we find this to be an appropriate case for the invocation of Rule 61 of the Federal Rules of Civil Procedure, 28 U.S.C.A.[2] We have here a contractual dispute between a prospective dealer and employer arising out of a series of events in 1947 and 1948. Suit was not filed until May, 1956. The evidence was heard by a jury which either gave credence to defendant's version of the transaction or found failure in plaintiff's attempt at this late date to discharge his burden of proof. The weight of the evidence is not questioned. We conclude that substantial justice has been done, and that it was not error for the trial court to refuse a new trial. The errors, if any, must be disregarded as not affecting the substantial rights of the parties. United States v. Borden Co., 1954, 347 U.S. 514, 516, 74 S.Ct. 703, 98 L.Ed. 903; Affleck v. Chicago and Northwestern Railway Co., 7 Cir., 1958, 253 F.2d 249, 250–251.

The judgment of the district court is

Affirmed.

2. "Rule 61. Harmless error. No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."