INTERNATIONAL MERGER & ACQUI-
SITION CONSULTANTS, INC.,
Plaintiff-Appellee,

v.

ARMAC ENTERPRISES, INC.,
Defendant-Appellant.

No. 75–1202.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 8, 1975.

Decided March 5, 1976.

Rehearing Denied April 20, 1976.

Lance M. Green, Ira Marcus, Chicago, Ill., for defendant-appellant.

Ralph A. Mantynband, Chicago, Ill., for plaintiff-appellee.

Before SWYGERT and SPRECHER, Circuit Judges, and WARREN, District Judge.*

WARREN, District Judge.

This appeal concerns an action whereby International Merger & Acquisition Consultants, Inc. seeks to recover a finder's fee pursuant to an alleged oral contract to locate a financing commitment for Armac Enterprises, Inc. The plaintiff-appellee is a closely-held corporation in the business of obtaining commissions for providing introductions amongst various candidates for mergers, acquisitions or financing. The defendant is a publicly-held corporation in the business of manufacturing and selling various recreational products. Jurisdiction was and is founded upon the complete diversity of the citizenship of the parties, 28 U.S.C. § 1332.

The case was brought to trial before a jury in the Northern District of Illinois during the month of October, 1974. A verdict was returned for the plaintiff in the sum of $125,000.00 and, on motion of counsel for the plaintiff, the Court granted an award of interest for willful delay in payment on the part of the defendant. In this appeal, that verdict and award of interest are challenged on several grounds; counsel for the appellant seek a reversal of the judgment that was entered together with an order for a new trial where, as a matter of law, any verdict that might be returned in favor of the plaintiff would be limited to the sum of $100,000.00 with no imposition of interest penalties.

I.

Counsel for the appellant first claim that errors in any one or all of several rulings by the trial judge fatally prejudiced the minds of the jurors such that a new trial is war-

* District Judge Robert W. Warren of the Eastern District of Wisconsin sitting by designation.

ranted. For the reasons to follow, we find that no new trial is necessary.

■ It is clear that the trial court must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties. It is also clear that a claim of error at trial may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of a party is thereby affected. *See*: Rule 61, Federal Rules of Civil Procedure; Rule 103(a), Federal Rules of Evidence.[1] These rules are binding upon us, and, as a matter of federal practice, are to guide our resolution of the various contentions presented. *See generally*: 11 Wright & Miller, Federal Practice and Procedure: Civil § 2881 *et seq.* (1973 ed.). In general, the question of whether error is "harmless" or insubstantial is to be resolved in the context of the individual case. Where it appears that error in no way influenced the jurors, or had only a slight effect on them, the verdict and judgment are to be affirmed. *See: Kotteakos v. U. S.*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); 7 Moore's Federal Practice ¶ 61.07[2] (1975 ed.). We find no error that can be said to be substantial within the meaning of these well-established principles.

■ Count III of the plaintiff's amended complaint charged that the defendant was guilty of fraud by virtue of its refusal to honor the questioned finder's fee agreement. Although several motions for dismissal of this claim were submitted prior to trial, it was not until after presentation of all the evidence that a motion for dismissal was granted as a matter of law. Counsel for the defendant assert that their case was impermissibly prejudiced by the burden of the charge of fraud during the course of the trial; we disagree.

Despite their claims of prejudice, counsel for the defendant can point to no evidence which would not have been admitted but for the charge of fraud. It is true that some reference to fraud was made by plaintiff's counsel when the case was explained to the prospective jury, but it is clear that these remarks were fleeting. It would seem that any prejudice which may have resulted therefrom was counterbalanced by the facts that subsequent to his ruling the trial judge specifically instructed the jury that there was no longer any charge of fraud at issue, that during the trial there was no evidence admitted solely on the basis of the fraud allegations, and that fraud was not discussed in closing arguments of counsel. We conclude that, in the circumstances of this case, any prejudice resulting from the belated dismissal of the fraud charge is not to be considered substantial. *Compare: Walker v. Trico Manufacturing Company, Inc.*, 487 F.2d 595 (7th Cir.), *cert. denied*, 415 U.S. 978, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

■ Counsel for the defendant argue that certain irrelevant testimony was admitted on behalf of the plaintiff to demonstrate that the financing at issue was both needed by and beneficial to the defendant. They claim that these errors constitute substantial prejudice.

Rule 401 of the Federal Rules of Evidence states that relevant evidence is evidence having any tendency to make the existence of any fact of consequence to the resolution of the action more or less probable than it would be absent such evidence. *See generally*, 1 Weinstein's Evidence ¶ 401[01] *et seq.* (1975 ed.). In view of this rather liberal standard, we cannot conclude that the discretion to be accorded the trial court's decision was breached in the context of this case. Certainly the existence of the finance-finding contract is made more or less likely by evidence that one of the parties thereto was in need of and benefitted

---

1. The Federal Rules of Evidence became effective on July 1, 1975. Because the trial in this matter was held prior thereto, it is apparent that said rules were not directly applicable at the time the trial occurred. Nonetheless, this Court has noted on several occasions that the then-published Proposed Federal Rules of Evidence were generally to be used as guidelines by the district courts when making evidentiary rulings; we so treat them here. *See: U. S. v. McCarthy*, 445 F.2d 587, 591 (7th Cir., 1971) as cited in *Levitt v. H. J. Jeffries, Inc.*, 517 F.2d 523 (7th Cir., 1975), and *U. S. v. Banks*, 520 F.2d 627, 631 (7th Cir., 1975).

by the funds eventually obtained. We find that, on balance, any error which might have been committed in this regard was harmless.

■ In addition to the foregoing, counsel for the defendant charge that the trial court permitted an irrelevant offer of proof to be made in the presence of the jury in violation of Rule 103(c) of the Federal Rules of Evidence. Because the evidence for each party was in sharp conflict, and because this offer of proof appears to have informed the jury that the financing in question was much more favorable than that available from defendant's traditional sources, it is alleged that this error was so prejudicial that the trial court should have granted a motion for a mistrial. Again we disagree.

Initially, it appears that reliance on Rule 103(c) is misplaced. Rule 103(c) dictates that, to the extent practicable, proceedings in jury cases are to be conducted so as to prevent suggestion to the jury of evidence which is inadmissible. The trial court found the proffered testimony to be admissible, despite a relevancy objection. In view of the standards of relevance set out in Rule 401, as discussed above, we cannot find this ruling to be a breach of discretion. Because the evidence brought out by the questioned offer of proof was not inadmissible, Rule 103(c) has no applicability. Furthermore, we find that any prejudice might have resulted from this offer of proof was not sufficient to affect a substantial right of the defendant within the meaning of Rule 103(a).

For the reasons set out above, we determine that no substantial right of any party was adversely affected by virtue of any one or all of the three alleged errors described in this portion of our opinion. *See, e. g., Delaney v. International Harvester Company,* 261 F.2d 150 (7th Cir., 1958). We conclude that substantial justice has been done and therefore decline to order the new trial that is sought.

## II.

Challenge is next directed to the amount of the jury award. Defendant's counsel contend that the oral contract at issue, if any, was such as to permit the plaintiff to receive payment of 1 percent commission upon receipt by defendant of an acceptable written commitment for financing. It is alleged that a written financing commitment for $10,000,000.00 was received on April 4, 1973, and that this commitment completely executed the finance-finding agreement. Despite the fact that a commitment for $12,500,000.00 was later obtained, counsel for the defendant argue that only $100,000.00 in commission may be awarded at this time, as a matter of law. They urge that we insure that no verdict in excess of that figure is permitted.

No party disputes the fact that the alleged contract at issue here was oral in nature. It would seem that the terms as well as the existence of this contract are in dispute—counsel for the defendant implicitly admit as much when they refer to an agreement executed ". . . upon receipt by defendant of an acceptable written commitment for financing" at one point in their argument (Appellant's Brief, p. 23), yet acknowledge that the plaintiff claims an agreement for ". . . 1% of the amount of any financing committed to the defendant by a lender introduced by the plaintiff" at another (Appellant's Brief, p. 5). In view of this ambiguity, we will not upset the factual determination of the jury.

■ It is apparent that the law of the State of Illinois is to govern resolution of substantive questions such as those pertaining to the clarification of ambiguous contracts. It seems clear that, under Illinois law, where an ambiguity exists in a contract and extrinsic explanatory evidence is in conflict, a question of fact is presented. *See: I.L.P. Contracts* § 247.

■ After thorough review of the evidence we cannot conclude that the determination of the finder of fact was clearly erroneous; it is supported by testimony from plaintiff's principal that the finder's fee contract was to be 1 percent of any financing obtained up to $15,000,000.00, and

it is also supported by statements of the defendant's president that the larger financing commitment was the "sole agreement" with the lender.

■ As noted by plaintiff's counsel, because it is not clearly erroneous we are precluded from altering the jury verdict at this time. *See:* Rule 52(a), Federal Rules of Civil Procedure; *Aunt Mid, Inc. v. Fjell-Orange Lines,* 458 F.2d 712 (7th Cir.), *cert. denied,* 409 U.S. 877, 93 S.Ct. 130, 34 L.Ed.2d 131 (1972).

### III.

Finally, counsel for the defendant challenge the order of the trial court by which interest was added to the sum of the verdict pursuant to a finding of unreasonable and vexatious delay of payment on the part of the defendant.

■ By statute, the State of Illinois permits a creditor to receive interest on money withheld for unreasonable or vexatious purposes. *See:* Ill.Rev.Stat. Ch. 74, § 2. It is thought that the propriety of an award of this nature must be based upon the facts of the particular case at bar. *See: Bankers Life and Casualty Co. v. Bellanca Corporation,* 288 F.2d 784 (7th Cir.), *cert. denied,* 368 U.S. 827, 82 S.Ct. 47, 7 L.Ed.2d 31 (1961). Where an amount alleged to be due is readily ascertainable, a court may conclude that interest is warranted pursuant to this statute if no reasonable dispute is found to have existed among the parties. *See: Weiland Tool & Mfg. Co. v. Whitney,* 100 Ill.App.2d 116, 133, 241 N.E.2d 533 (1968), *rev'd on other grounds,* 44 Ill.2d 105, 251 N.E.2d 242 (1969); *Orput-Orput & Associates, Inc. v. McCarthy,* 12 Ill.App.3d 88, 97, 298 N.E.2d 225 (1973).

■ The evidence in this case was not complex—it consisted of extensive testimony by the two principals involved in the contract negotiations, with minor corroborating testimony on behalf of each of the divergent positions. Having observed the credibility and demeanor of all these various individuals, the trial judge concluded that no reasonable dispute could have existed between these parties as to either the validity or the amount of the questioned oral contract; he accordingly imposed an order that interest be paid. We find this to be an inherently factual determination where deference to firsthand observation is appropriate. Because it is not clearly erroneous in terms of the evidence presented, the ruling of the trial court must stand. Rule 52(a), Federal Rules of Civil Procedure; *Aunt Mid, Inc. v. Fjell-Orange Lines, supra.*

### IV.

■ Counsel for the plaintiff has attempted to file a cross-appeal concerning the question of whether the trial court erred by disallowing costs and fees in regard to certain depositions where personnel of the defendant failed to appear. As indicated at oral argument, we find that this cross-appeal has not been properly perfected as plaintiff's counsel have failed to comply with requisite docketing procedures.

### V.

After due consideration of the written materials presented, as amplified by the oral argument heard, and for the reasons set out in the foregoing portions of this opinion, we find that no substantial error occurred at trial so as to require a new trial, that no reduction in the jury verdict is warranted, that the order for award of interest was justified, and that the cross-appeal of the plaintiff-appellee is not properly before us. The rulings of the district court are hereby AFFIRMED and the cross-appeal is hereby DISMISSED.