947 F.2d 948
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Eugene PARKS, Plaintiff/Appellant,
v.
The CITY OF MADISON, WISCONSIN and F. Joseph Sensenbrenner,
Jr., Defendants/Appellees.
 No. 90-2490.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 2, 1991.[1]
Decided Oct. 22, 1991.
 
 Before POSNER, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Appellant Eugene Parks filed a civil rights case pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 2000e. Mr. Parks alleged employment discrimination based upon his race, as well as violations of his First Amendment right to freedom of speech. Additionally, Parks alleged state law claims of intentional infliction of emotional distress and invasion of privacy. The district court did not exercise jurisdiction over the state claims, and dismissed them based upon the test of United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966). Mr. Parks appeals from the district court's judgment in favor of the appellees. The jurisdiction of this court is properly invoked under 28 U.S.C. § 1291.
 
 I. FACTS
 
 2
 Eugene Parks was hired by defendant-appellee City of Madison, Wisconsin as an Administrative Assistant to the Fire Chief in Madison. Mr. Parks was later appointed to act as the Affirmative Action Officer for the City of Madison. Amid controversy surrounding public statements made by Mr. Parks regarding actions by defendant-appellee Sensenbrenner (Mayor of the City of Madison), and after reprimands, suspensions, and employment hearings, Mr. Parks was relieved of his position as a city officer. This suit followed.
 
 
 3
 Appellees filed a motion for summary judgment in the district court on February 20, 1990. When preparing the brief in support of the motion, appellees encountered word processing difficulties. In an effort to beat the clock in the race to the courthouse, appellees filed a brief in the afternoon of February 20, which contained handwritten corrections and notations. The district court clerk's office accepted the brief in that form. That same evening, a copy of the motion and a completely typewritten brief were served upon Mr. Parks at his home. The appellees stated at that time, and in a later hearing, that the typewritten copy simply incorporated the handwritten notations on the filed brief, and that the briefs were substantively the same. The following day, appellees went to the clerk of the district court and sought to substitute the new typewritten pages for the pages upon which the handwritten notations had been made. The clerk examined two of the forty-two hand noted pages against the new pages, found the new pages to incorporate the handwritten changes, and exchanged all the pages without further examination. Unfortunately, the clerk disposed of the original pages, failing to retain them for the court files.
 
 
 4
 Mr. Parks filed a Motion to Strike Defendants' Motion for Summary Judgment on March 8, 1990. The motion to strike claimed that the service of the completely typewritten brief to Mr. Parks was insufficient, as the hand-noted brief was filed in the court, and the completely typed brief was served to Mr. Parks. Additionally, Mr. Parks objects to the sequence of service and filing, and that the hand-noted pages were not retained in the court records following the exchange.
 
 
 5
 The district court held a hearing on the Motion to Strike and other motions on March 14, 1990. At the hearing, the plaintiff did not show any discrepancy between the brief which he received and the final brief filed with the court and upon which the motion for summary judgment was to be decided. On March 16, 1990, the district court denied appellant's motion to strike, but allowed the appellant a two-day extension in which to file his brief in response to the motion for summary judgment. Mr. Parks failed to file a response brief. The district court granted defendants'/appellees' motion for summary judgment on some of the counts in a decision dated March 29, 1990, and after considering further findings of fact, granted summary judgment on the remaining counts on June 6, 1990. Mr. Parks has appealed the decisions based upon procedural issues relating to service of the brief.
 
 
 6
 Mr. Parks raises three issues on appeal. In essence, Mr. Parks argues that his Motion to Strike Defendants' Motion for Summary Judgment was wrongfully denied. First, Mr. Parks states that he was improperly served with the summary judgment motion and brief. Second, Mr. Parks claims this improper service prejudiced his ability to successfully defend against the defendants' motion. Last, Mr. Parks asserts that he was denied his Fifth Amendment due process rights because he was denied the full record before the court.
 
 II. ANALYSIS
 
 7
 To resolve the dispute in this case the court must examine whether the district court abused its discretion in denying appellant's motion to strike, thus allowing the motion for summary judgment to proceed and ultimately dispose of the case.
 
 
 8
 Mr. Parks based his Motion to Strike Defendants' Motion for Summary Judgment upon alleged violations of Federal Rules of Civil Procedure 6[2], 7[3], 11[4], and 56[5]. A motion to strike proposes a drastic remedy, and may not be a favored procedure in the court. United States v. 416.81 Acres of Land, 514 F.2d 627, 631 (7th Cir.1975). However, this view is generally applied to those motions to strike which attack affirmative defenses. Id.; see Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir.1989).[6] After holding a hearing on this motion, the court denied the motion to strike. The motion to strike rested on factual issues, thus, the district court decision will remain undisturbed unless Mr. Parks shows that the district court decision was clearly erroneous. See id. at 1294-95. In this case, the district judge held hearings, took witnesses' testimony, and considered arguments by the parties. Only after considering all of this information did the judge rule on the motion to strike. Her decision rested on the fact that the appellant had access to the filed brief to compare against the brief he received if he doubted that they were identical. Also, the judge assured the litigants that her decision would be based upon only the briefs on file. Last, but certainly no less significant, the judge extended appellant's time in which to file a response, accommodating the time elapsed during the filing sequence. The judge considered all factors necessary to render a decision, and that decision is reasonable under the circumstances. Therefore, she did not abuse her discretion.
 
 
 9
 Even if we were to find that the district court abused its discretion by denying the motion to strike, thus allowing the motion for summary judgment to be considered, such defect would have to exceed the standard for harmless error set forth in Federal Rule of Civil Procedure 61 and 28 U.S.C. § 2111 before the district court decision would be disturbed. Rule 61 states in relevant part that no error or defect in any ruling or order, or in any action by the court, is grounds for disturbing a judgment or order unless failing to do so would be inconsistent with substantial justice. Any error that does not affect the substantial rights of the parties must be disregarded. Fed.R.Civ.P. 61. Courts should ignore errors that do not affect the essential fairness of the trial. McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 553, 104 S.Ct. 845, 848 (1984). The harmless error rule applies to courts of appeals as well as to district courts. Id. at 554, 104 S.Ct. 849; 28 U.S.C. § 2111.[7] The court of appeals must be persuaded that the error was prejudicial. This burden rests with the party who raises the error as an issue to show that prejudice occurred. Vaughn v. Willis, 853 F.2d 1372, 1376 (7th Cir.1988). Whether the error was harmless or prejudicial must be resolved in the context of the individual case. Int'l Merger & Acquisition Consultants, Inc. v. Armac Enterprises, Inc., 531 F.2d 821, 823 (7th Cir.1976).
 
 
 10
 In this case, appellees' motion for summary judgment was decided after consideration of the final typewritten brief filed with the clerk of the district court. Mr. Parks has not asserted, and no dispute has been raised, that the brief served upon him was in any way different than the final typed brief considered by the court when ruling on the motion. Mr. Parks had ample opportunity to compare the brief he possessed to the brief on file. Additionally, the district court gave Mr. Parks a two-day extension of the deadline for filing his response to the summary judgment motion. This extension allowed adequate time for Mr. Parks to make the comparison and file a response. Mr. Parks has failed to show how he was prejudiced.
 
 
 11
 Mr. Parks had notice of all arguments upon which the appellees' motion was based, as well as adequate time to respond to these arguments. For this reason, the court did not abuse its discretion, no prejudice occurred, and none of Mr. Parks' constitutional rights were violated. For the foregoing reasons, the district court order is
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). The appellees filed a response agreeing that oral argument was not necessary. Upon consideration of that statement, the briefs, and the record, the appeal is submitted on the briefs
 
 
 [2]
 Rule 6 is a timing rule, addressing the manner in which procedural deadlines are to be computed. Additionally, Rule 6 discusses the ability of the court to order an extension of that time, for cause, at its discretion
 
 
 [3]
 Rule 7 discusses the types of pleadings allowed and the form in which motions should appear
 
 
 [4]
 Rule 11 deals with the signing of pleadings, motions, and other documents submitted to the court, as well as the sanctions which may be imposed upon a party for violating rules governing the content of these papers
 
 
 [5]
 Rule 56 governs motions for summary judgment, including rules of form and substance for these motions
 
 
 [6]
 Motions to strike may be brought under Federal Rule of Civil Procedure 12(f). These motions allow a court to strike "from any pleading any insufficient defense or any redundant, immaterial impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The notes of the advisory committee state that the amendment allows a specific method of attacking the insufficiency of a defense. The appellant did not rely on this rule to procedurally support his motion, as he seeks to strike the entire pleading for nonsubstantive reasons
 
 
 [7]
 28 U.S.C. § 2111 states "On the hearing of any appeal or writ of certiorari in any case, the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties."